PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court Middle | District of Alabama |
|---|---|
| Name (under which you were convicted): William Lee Kirby | Docket or Case No.: 3:06CV456-W |
| Place of Confinement: Staton CF, P.O. Box 56, Elmore, AL, 36025 | Prisoner No.: 182340 |
| Petitioner (include the name under which you were convicted) William L. Kirby | Respondent (authorized person having custody of petitioner) v. Leon Forniss, Warden, |
| The Attorney General of the State of Alabama, et al. | |

RECEIVED
2006 MAY 25 A 9:39

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Lee County Circuit Court, Opelika, Alabama, 36801

   (b) Criminal docket or case number (if you know): CC-01-1001, 1002, 1003 (Consolidated)

2. (a) Date of the judgment of conviction (if you know): December 4, 2001

   (b) Date of sentencing: April 11, 2002

3. Length of sentence: Sixteen (16) years

4. In this case, were you convicted on more than one count or of more than one crime?   Yes ☑   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Sodomy 1° X 2 ; Rape 1°

6. (a) What was your plea? (Check one)

   (1) Not guilty ☑          (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐              (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____
_____
_____
_____
_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒  No ☐

9. If you did appeal, answer the following:
(a) Name of court: _Alabama Court of Criminal Appeals_
(b) Docket or case number (if you know): _CR-10-1540_
(c) Result: _Affirmed by Memorandum_
(d) Date of result (if you know): _November 15, 2002_
(e) Citation to the case (if you know): _William Lee Kirby v State of Alabama, ___ So2d ___._
(f) Grounds raised: _Did trial court err in consolidating the indictments of two different victims? (2) Did trial court err in admitting into evidence the victim's out of court statements? (Note: These grounds are assumed from the Memo Op. of the Criminal Court of Appeals as petitioner has never seen a copy of original appellate brief, as his attorney failed to provide one, or inform him of his further necessity of appeal)_

(g) Did you seek further review by a higher state court?  Yes ☐  No ☒

If yes, answer the following:

(1) Name of court: _____
(2) Docket or case number (if you know): _____
(3) Result: _____
_____
(4) Date of result (if you know): _____
(5) Citation to the case (if you know): _____
(6) Grounds raised: _____
_____
_____
_____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____
_____
_____
_____
_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ❑ No ❑

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____
_____
_____

[handwritten: N/A]

_____
_____
_____
_____
_____
_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        Yes ❑ No ☑

    (7) Result: _____

    (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    Yes ❑ No ❑

    (2) Second petition:    Yes ❑ No ❑

    (3) Third petition:    Yes ❑ No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: _Petitioner was denied his 6th and 14th Amendment Rights as both trial and appellate counsel were ineffective in their Representation._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The crux of this petitioners substantive due process failure or trial counsels assistance was his failure to preserve for review the improper jury instruction given by trial court under Code of Ala 1975 § 15-25-36, a mandatory instruction under Alabama Law when requested. As to appellate counsel, his failure to present the argument throughout one full round of state appellate courts and more instructively his failure to inform petitioner of his idleness that Resulted in petitioner being time barred for further State post-conviction Review._

(b) If you did not exhaust your state remedies on Ground One, explain why: _Counsel, appointed by the State, whose failures as such are attributable to the State, failed to perfect appeal or inform petitioner that he was not pursuing his cause further._

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _This is the first opportunity to Raise issue, as petitioner was jurisdictionally time-barred in State Court._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

  Yes ❏  No ❏

(4) Did you appeal from the denial of your motion or petition?

  Yes ❏  No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❏  No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑  No ❑

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
   _____
   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ❑  No ❑

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____
   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   _____
   _____

   (3) Did you receive a hearing on your motion or petition?

   Yes ❑  No ❑

   (4) Did you appeal from the denial of your motion or petition?

   Yes ❑  No ❑

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑  No ❑

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____
   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   _____
   _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____
_____
_____
_____

**GROUND THREE:** _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
_____
_____
_____
_____
_____
_____

N/A

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

  Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

  Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❏   No ❏

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ❏   No ❏

   (2) If your answer to Question (d)(1) is "Yes," state:  N/A

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____
_____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

   (3) Did you receive a hearing on your motion or petition?

   Yes ❏   No ❏

   (4) Did you appeal from the denial of your motion or petition?

   Yes ❏   No ❏

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ☑

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____
_____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____
_____
_____
_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐    No ☑

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *This is the first opportunity for petitioner to raise his ineffective claim.*
   _____
   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *Supra.*
   _____
   _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐    No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
   _____
   _____
   _____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: Jerry W. Hauser, P.O. Box 156, 165 East Magnolia Ave., Auburn, Alabama, 36831
    (b) At arraignment and plea: Kenneth L. Funderburk, 1313 Broad Street, P.O. Box 1268, Phenix City, Alabama, 36868-1268
    (c) At trial: Funderbunk, Id.
    (d) At sentencing: Funderbunk, Id.
    (e) On appeal: Larry G. Cooper, P.O. Box 1868, Auburn, Alabama, 36831
    (f) In any post-conviction proceeding: N/A
    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is not timely as a direct result of appellate counsel's ineffective assistance where he failed to inform the that he had not filed for a writ of certiorari; and consequently, petitioner believing that he was awaiting a reply on a pending appeal failed to move to file a Rule 32 post-conviction motion until after the period of limitations. And under Alabama law, "the limitation's period for filing post-conviction relief is mandatory and jurisdictional, failure to file a post-conviction motion within the limitations period deprives a court of the jurisdiction to review petition." **Ex parte Phillips, 887 So2d 324 (Ala.2004).** Therefore, as the time to file post-conviction had run, and the time within which to file a Section 2254 had also run, and due to the fact that Alabama Law does not recognize any cause/prejudice excuse to default due to timeliness, this petitioner is left attempting to show cause/prejudice to this court in order to open an avenue to pursue what would be meritorious issues of constitutional magnitude. While petitioner does not wish to appear as asserting only bare allegations here; until petitioner has been afforded an opportunity to present this properly before a state court, it would be invited error. As prisoner's are not able to obtain federal habeas review simply by "letting the time run" so that state

(see attachment)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

remedies were no longer available. **O'Sullivan v Boerckel**, 526 US 838, 119 SCt 1728, 144 LEd2d 1 (1999). It is well settled that federal habeas courts may not consider claims that have been defaulted in state court pursuant to an adequate and independent state procedural rule, unless the petitioner can show 'cause' for the default and resulting 'prejudice'. See **Murry v Carrier**, 477 US 478, 485, 91 LEd2d 397, 106 SCt 2639 (1986); and **Roberts v Sutton**, 217 F3d 1337, 1341(11thCir2000). This court has also previously determined that "Failure of...counsel to obtain review by...certiorari, or to make a timely petition for certiorari was sufficient state action to authorize federal habeas corpus relief with respect to a state prisoner. The mere failure to act is sufficient to [show cause]",**Pressley v Wainwright**, 540 F2d 818(5thCir1976). This edict has of course now become even more compulsory in light of the Supreme Court's ruling in **O'Sullivan,supra,** wherein they posited that for a petitioner to ensure exhaustion of their state court remedies they must present "their claims in a manner of clarity throughout one complete round of the State's established appellate review process", and this was to include any state court petition for certiorari "even if the review of that court is discretionary." See **Id.at 848-49.** As such, the conundrum of this petitioner is apparent; as due to the State's appointed attorney's failures, this petitioner is now deprived of State or Habeas review. This type of circumstance might well have been best observed in the concurring opinion of Justice's Breyer and Stevens in **Edwards v Carpenter**, 529 US 446, 146 LEd2d 518, 120 SCt 1587; wherein they wrote:  I concede that this system of [habeas] rules has a certain logic, indeed an attractive power for those who like difficult puzzles. But I believe it must succomb to this question: Why should a prisoner, who may well be proceeding pro se, lose his basic claim because he runs afoul of state procedural rules governing the presentation to state court's of the 'cause' for his not having followed state procedural rules for the presentation of his basic federal claim? And in particular, why should that special default rule apply when the 'cause' at issue is an 'ineffective-assistance-of-counsel' claim..? **Id..at 458.** The failure to file timely in the instant case is attributable to the State as petitioner being indigent was bound to the attorney to whom he was appointed, and not now allowing for him to present his meritorious claims to the court would result in a manifest injustice and result in the continued incarceration of one for whom our founding fathers desperately attempted to protect in the Writ of Habeas, one who is actually and factually innocent.

Therefore, petitioner asks that the Court grant the following relief: To ORDER the State of Alabama to allow for petitioner to develop evidence of trial failures by allowing petitioner to an out-of-time ARCRP, Rule 32, Post-conviction filing.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ May 17, 2006 _____ (month, date, year).

Executed (signed) on May 16, 2006 (date).

William Lee Kirby
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

* * * * *