IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUL -5  P 1: 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| WILLIAM LEE KIRBY, AIS #182340, <br><br> Petitioner, <br><br> vs. <br><br> LEON FORNISS, *et al*, <br><br> Respondent. | CIVIL ACTION NO. <br> 3:06-CV-456-WKW (WO) |

## ANSWER

Comes now the Respondent, by and through the State of Alabama and, pursuant to this Court's order issued on May 30, 2006, makes the following answer to the allegations contained in Kirby's instant Section 2254 petition:

1. In his federal habeas corpus petition filed in this Court on May 17, 2006, Kirby, who is presently incarcerated in Staton Correctional Facility, attacks his April 11, 2002 conviction in Lee County of two counts of first-degree sodomy and one count of first-degree rape on grounds of ineffective assistance of counsel. Kirby further claims that his failure to file this petition within the prescribed time was not his fault. (Kirby's petition, page 14)

2. Respondent avers the instant §2254 petition is due to be denied.

3. Respondent denies that Kirby is entitled to any of the relief he has requested.

4. Respondent avers that Kirby's petition is barred by the statute of limitation.

## PROCEDURAL HISTORY

5. William Lee Kirby was convicted of repeatedly sodomizing child victims, A. M. and L. M. Kirby was also convicted of raping A. M. A. M. was in kindergarten at the time of the sodomy and rape. Her sister, L. M., was in the second grade at the time of the abuse.

6. On October 5, 2001, the Lee County Grand Jury indicted Kirby in case numbers CC-01-1001, and CC-01-1002 on charges of sodomizing victims A. M. and L. M., females being less than twelve years of age, the said William Kirby being 16 years or older in violation of Alabama Code 13A-6-63 (1975). (Exhibit A, C. 2, 5, 73) In case number CC-01-1003, the grand jury indicted Kirby on charges of the first-degree rape of A. M. in violation of Ala. Code 13A-6-61 (1975). (Exhibit A, C. 81) The cases were consolidated for trial on October 30, 2001. (Exhibit A, C. 2)

7. The case came to trial before Judge Robert Harper on December 3, 2001. (Exhibit A, C. 2; R. 1) On December 4, 2001, the jury returned verdicts finding

2

Kirby guilty of sodomy and rape, as charged in the indictments. (Exhibit A, C. 15, 76, 79; R. 373) On April 22, 2002, the trial court sentenced Kirby to sixteen years on each conviction and ordered the sentences to run concurrently. (Exhibit A, C. 4, 72, 80; R. 381) Notice of appeal was filed on April 18, 2002. (Exhibit A, C. 4)

8. On appeal, Kirby raised two issues: (1) the trial court erroneously consolidated the indictments; and, (2) the trial court erroneously admitted into evidence the victims' out-of-court statements pursuant to Alabama Code §15-22-32 (1975). (Exhibits B and D) On November 15, 2002, the Alabama Court of Criminal Appeals affirmed Kirby's convictions in a memorandum opinion. The Court held that Kirby's issues were not preserved for appellate review, because no objection was made on those grounds at trial. Kirby v. State, CR-01-1540 (Ala. Crim. App. Nov. 15, 2002). See: (Exhibit D) Kirby did not file an application for rehearing or an application for certiorari review. (Kirby's petition page, 2) Certificate of final judgment was issued December 3, 2002. (Exhibit E) By his own admission, Kirby has never filed a Rule 32 petition in the state court. (Kirby's petition, page 3) Kirby filed the instant federal petition on May 17, 2006, and this action follows.

3

## TRIAL EVIDENCE

9. On June 25, 2001, forensic interviewer Brenda Moss separately interviewed ten-year-old L. M. and her younger sister, eight-year-old A. M. in reference to a sexual abuse report filed against William Kirby, their mother's former boyfriend. (Exhibit A, R. 227) The sexual abuse occurred several years earlier when the girls, their mother, and Kirby lived in Opelika, Alabama. A. M. was in kindergarten and L. M. was in the second grade when the incidents occurred. (Exhibit A, R. 236, 241) Later, the girls and their mother moved to Virginia, where L. M. reported the incidents of abuse to a school counselor.

10. A. M. was nine years old at the time of trial. Kirby, who was her mother's live-in boyfriend, kept her and her sister while their mother was at work. (Exhibit A, R. 100-102, 149, 182) Kirby used to handcuff A. M. and dunk her in a tub of water until she passed out. (Exhibit A, R. 81-82) A. M. testified that, on numerous occasions, Kirby would undress them both. He would then put his penis in her "butt," in her mouth, and in her "pie", which is what A. M. called her vagina. (Exhibit A, R. 84-85) A. M. testified that it hurt when Kirby did these things to her. (Exhibit A, R. 86) She did not tell her mother about the sexual abuse because Kirby told her to keep it a secret. (Exhibit A, R. 86, 104) When Kirby had vaginal intercourse with her, she started bleeding. She told her mother that she hurt herself by falling on the balance beam at school. (Exhibit A, R. 87)

Later, her sister L. M. told a counselor at school that Kirby was sexually abusing them. (Exhibit A, R. 104)

11. L. M., A. M.'s older sister, was ten years old at the time the case came to trial. (Exhibit A, R. 115) When she was in the second grade, L. M. lived in Opelika with her mother, her two sisters, and William Kirby, her mother's boyfriend. (Exhibit A, R. 116) Kirby had anal intercourse with L. M. on many occasions and vaginal intercourse with her on at least one occasion. (Exhibit A, R. 120) L. M. testified that it hurt when Kirby had sex with her. (Exhibit A, R. 120) Kirby also put his penis in her mouth and ejaculated. (Exhibit A, R. 121) After her mother broke up with Kirby, the girls and their mother moved to Virginia. (Exhibit A, R. 148)

12. In Virginia, L. M. told a counselor at school about the abuse and the case was referred to the Department of Human Resources. On June 25, 2001, A. M.'s pediatrician, Linda Anz, examined A. M. following a referral from the Department of Human Resources. (Exhibit A, R. 195-196, 221) A. M. told Dr. Anz that Kirby had sexually abused her. (Exhibit A, R. 196) A genital examination was performed on the child. (Exhibit A, R. 198) The examination revealed damage to A. M.'s hymen that was consistent with vaginal penetration. (Exhibit A, R. 198) Dr. Anz testified that the injury was not the result of a fall on the balance beam. (Exhibit A, R. 199)

## EXHAUSTION

13. In O'Sullivan v. Boerckel, 526 U. S. 838 (1999), the United States Supreme Court held that, in order to satisfy the exhaustion requirement, a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review procedure. Kirby did not file an application for rehearing in the Alabama Court of Criminal Appeals, or an application for certiorari review in the Alabama Supreme Court. Therefore, under the criteria of O'Sullivan, Kirby has failed to exhaust the claims he raised on direct appeal, namely, that he trial court erroneously consolidated the indictments, and the trial court erroneously admitted into evidence the victims' out-of-court statements. In his federal petition, however, Kirby does not raise these claims. Instead, he argues that he received ineffective assistance of trial and appellate counsel. Trial counsel was ineffective, Kirby claims, because he did not object to the consolidation of the indictments and the admission of the victims' statements into evidence. Kirby also argues that his appellate counsel was ineffective in not filing an application for rehearing and for not seeking certiorari review of these issues. He further blames appellate counsel for his failure to file a Rule 32 petition in state court. Kirby's claims of ineffective assistance of trial and appellate counsel are procedurally defaulted, because they

6

have never been presented to the state courts and are raised for the first time in federal court.

## MEMORANDUM BRIEF

### One-Year Period Of Limitation Under Title 28 U.S.C. §2244(d)

14. Kirby's federal petition is barred because it was not filed within the one-year statute of limitation. Title 28 U. S. C. §2244 (d) (1), enacted by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, pub. L. No. 104-132, 110 Stat. 1214, provides for a one-year statute of limitation applicable to a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This law became effective on April 24, 1996. The section specifically provides the following:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added.)

15. In his federal petition, Kirby claims that he received ineffective assistance of trial and appellate counsel and that his failure to file a Rule 32 petition and the instant federal petition within the prescribed time was not his fault. (Kirby's petition, page 13) On December 4, 2001, Kirby was found guilty of two counts of first-degree sodomy and one count of first-degree rape as charged in the indictments. On April 22, 2002, the trial court sentenced Kirby to sixteen years on each conviction and ordered the sentences to run concurrently. On November 15, 2002, the Alabama Court of Criminal Appeals affirmed Kirby's convictions in a memorandum opinion. The Court held that Kirby's issues were not preserved for appellate review. Kirby v. State, CR-01-1540 (Ala. Crim. App. Nov. 15, 2002). See: (Exhibit D) Kirby did not file an application for rehearing or an application for certiorari review. (Kirby's petition page, 2) Certificate of final judgment was issued December 3, 2002. (Exhibit E) By his own admission, Kirby has never filed a Rule 32 petition in the state court. (Kirby's petition, page 3) Kirby filed the instant federal petition on May 17, 2006.

16. Kirby's petition is untimely, because it was filed outside the one-year statute of limitation. Certificate of judgment was issued on December 3, 2002. For the purpose of the habeas corpus statute of limitation, a conviction becomes final when the time expires for a defendant to seek review in the United States Supreme Court. See: Coates v. Byrd, 211 F. 3d 1225, 1226-1227 (11th Cir. 2000). Pursuant to Coates v. Byrd, the statute of limitation began to run in Kirby's case on March 3, 2003, ninety days after the issuance of the certificate of judgment on direct appeal. Kirby has never filed a Rule 32 petition in state court. Therefore, the one-year statute of limitation expired on March 3, 2004. He filed the instant petition more than two years later, on May 17, 2006. Kirby's federal petition is plainly barred from review because it was filed two years *after* the one-year statute of limitation expired. Kirby's petition is due to be denied on these grounds.

17. Furthermore, the claim of ineffective assistance of appellate counsel that Kirby raises as "cause" in his petition is procedurally defaulted, because it has never been presented to the state courts. Kirby could have raised this claim in a Rule 32 petition, but did not do so. This claim is raised for the first time in federal court and is procedurally barred, because it has never been presented to the state courts. Teague v. Lane, 489 U.S. 288 (1989); Engle v. Isaac, 456 U.S. 107, 113-114, 117, 124-135 (1982). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the

9

effort to raise the claim properly in the state court." <u>Wright v. Hopper</u>, 169 F. 3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. <u>Id</u>.; <u>Crawford v. Head</u>, 311 F. 3d 1288, 1327-1328 (11th Cir. 2002).

    18. In <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451-452 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his §2254 petition when he had never raised this ineffective assistance claim in state court. The United States Supreme Court held that, unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. <u>Edwards</u>, at 451-53. A similar situation involving the attempted use of an unexhausted claim as cause to excuse a procedural default was addressed by the Court in the earlier case of <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). In <u>Murray v. Carrier</u>, the Court held that a prisoner must be required to present his claim of ineffective assistance of counsel to the state courts as an independent claim before he may use it to establish cause to excuse the procedural default of another claim. <u>Id</u>, at 488-489. But, in <u>Edwards</u>, the United States Supreme Court made it clear that the failure to properly exhaust the ineffective assistance of counsel claim

10

actually resulted in a procedural default of the claim being asserted as cause, completely barring that claim from being used to excuse the procedural default of the underlying claim.

19. With its decisions in <u>Edwards v. Carpenter</u>, and <u>Murray v. Carrier</u>, the Supreme Court has made clear that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim *only* if the habeas petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself. As in <u>Edwards</u>, Kirby is barred from asserting his ineffective assistance of appellate counsel claim to establish cause and prejudice, because such claim was never raised in state court and is procedurally defaulted. Such claim, then, cannot be used to establish cause and prejudice because it is unexhausted and procedurally defaulted.

Accordingly, Kirby's petition for writ of federal habeas corpus is due to be denied as barred by the one-year statute of limitation under Title 28 U.S.C. 2244(d).

## CONCLUSION

Based upon the foregoing, Kirby's petition for writ of habeas corpus is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King, ASB #KIN047
Attorney General

By-

_____
Jean A. Therkelsen
Assistant Attorney General

# EXHIBITS

A. Transcript, direct appeal, CR-01-1540.

B. Kirby's brief, direct appeal, CR-01-1540.

C. State's brief, direct appeal, CR-01-1540.

D. Opinion of the Alabama Court of Criminal Appeals affirming Kirby's convictions, CR-01-1540

E. Certificate of final judgment, CR-01-1540.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>5th</u> day of July, 2006, I served a copy of the foregoing (including exhibits) on Kirby, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    William Lee Kirby
    AIS #182340
    Staton Correctional Facility
    P. O. Box 56
    Elmore, Alabama 36025.

/s/ Jean Therkelsen
Jean A. Therkelsen
Assistant Attorney General

Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848

150383/95828-001

14