IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF ALABAMA

CR-01-1540

WILLIAM LEE KIRBY
APPELLANT

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF

LEE COUNTY, ALABAMA

CASE NUMBER: CC-01-1540

\* \* \* \* BRIEF AND ARGUMENT \* \* \* \*
OF
APPELLANT

LARRY G. COOPER
ATTORNEY FOR APPELLANT
P O BOX 1868
AUBURN, AL 36831-1868
(334)502-0022

EXHIBIT B

```
```

i

# TABLE OF CONTENTS

Table of Authorities------------------------------------------------------------------ii

Statement of the Case----------------------------------------------------------------1

Statement of the Issues--------------------------------------------------------------2

Statement of the Facts---------------------------------------------------------------3

Argument-----------------------------------------------------------------------------5

Conclusion--------------------------------------------------------------------------13

Certificate of Service----------------------------------------------------------------14

# TABLE OF AUTHORITIES

Pages

**Code of Alabama** (1975)
    Section 15-25-32 Out of Court Statement- Requirements for Admissibility--------------9,10

**Code of Alabama** (1975)
    Alabama Rules of Evidence, Rule 404(b)
    Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes,
    Wrongs or Acts----------------------------------------------------------------------------5,6

**Code of Alabama** (1975)
    Alabama Rules of Criminal Procedure Rule 13.3
    Joinder and Consolidation for Trial-----------------------------------------------------7,8

**Ex Parte B.B.S. v. STATE,**
    647 So 2d. 709 (Supreme Court of Alabama 1994)--------------------------------10,11

**P.D.F. v. STATE,**
    758 So 2d. 1118 (Ala. Crim. App. 1999)---------------------------------------------11

**Stanley King v. STATE,**
    518 So2d. 880 (Ala. Crim. App. 1987)-----------------------------------------------8

## STATEMENT OF THE CASE

This is an appeal from a criminal court jury trial conviction in the Circuit of Lee County, Alabama. Judge Robert M. Harper presided over the proceedings.

On October 05, 2001, an indictment was handed down by the Grand Jury of Lee County, charging WILLIAM LEE KIRBY, the Appellant, with the two counts of Rape 1st degree and two counts of Sodomy 1st degree 13A-6-61 and 13A-6-63. ( C. 05).

On October 24, 2001 the State of Alabama by and through its District Attorney for Lee County, Alabama, Honorable Nick Abbett filed a Motion For Hearing On Admissibility of Child Victim's Out of Court Statement. (C.23-24). Then on October 25, 2001 the State of Alabama by and through its District Attorney for Lee County, Alabama, Honorable Nick Abbett filed a Motion to Consolidate the indictments into one trial. (C.021-22). There were also mutual Discovery Order for both the Defendant and the State of Alabama. (C.77). On December 03, 2001 this matter was called for trial in the Circuit Court of Lee County, Alabama, Honorable Robert M. Harper presiding (R.01) Subsequently, the trial concluded and on December 04, 2001 whereas a jury verdict was rendered against the Appellant who was found guilty of three of the four charged indictments. (R. 15) and the Honorable Judge Robert M. Harper entered that into the clerks file on December 11, 2001. (C.79). A sentencing hearing was continued from February 28, 2002 until April 11, 2002. (C.079). Defendant was sentenced to a concurrent sentence of sixteen years in the State penitentiary as an habitual offender. On April 18, 2002 the Appellant, WILLIAM LEE KIRBY, gave a written notice of appeal (C. 04); and this appeal follows.

Page 1

## STATEMENT OF THE ISSUES

I.  WHETHER THE CONSOLIDATION AND JOINDER OF THE TWO SEPARATE VICTIM'S CRIMINAL CASES AGAINST THE DEFENDANT VIOLATED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL GUARANTEED TO HIM BY THE CONSTITUTION WITHIN THE MEANING OF RULE 13.3 OF THE CODE OF ALABAMA, RULES OF CRIMINAL PROCEDURE ?

II. WHETHER THE ADMISSION OF THE TWO ALLEGED MINOR CHILD VICTIM'S OUT- OF- COURT HEARSAY STATEMENTS WERE PROPERLY ALLOWED BY THE TRIAL COURT ?

## STATEMENT OF THE FACTS

This appeal arises from a jury trial in the Lee County Circuit Court whereas the Defendant, William Lee Kirby was found guilty of one count of Rape 1st and two counts of Sodomy 1st. This concluded a two day trial on or about December 3rd and 4th, 2001 at the Lee County Justice Center Opelika, Alabama before Circuit Judge Robert M. Harper.

WILLIAM LEE KIRBY was indicted for Rape and Sodomy of his common law wife's two daughters, A. M. and L. M., both of who are minors. The appellant is not the father of A.M. or L.M. The Mother of the two alleged victims and the appellant had one child who lived with them at the time these allegations were to have taken place.

Both minor children A.M., aged nine at trial (R.79) and L.M. aged ten at trial (R.116), were available and voluntarily testified at trial before the jury in this matter. A.M. was on or around six to eight years of age at the time of these allegations. L.M. was aged eight or nine years of age at the time of these allegations. There were several inconsistencies during the trial between the two alleged minor victims and their testimonies.

For instance, A.M. alleges repeated vaginal, anal, and oral penetration by the defendant in her hearsay statements (C.100) and throughout her oral testimony (R.83). This is despite the absence of any credible medical history or physical indications of abuse. There was no way to tell if oral penetration occurred other than the out of court hearsay statements of the victim A.M. There was no medical history of any diagnosis of anal penetration, but there was some "very abnormal" diagnosis of Vaginal injury or possible penetration. But, the record indicates that A.M. suffered from a vaginal staddle injury from a balance beam accident. This was reported during testimony on the record. (R. 53) A.M. also told her mother of the vaginal balance beam injury that caused bleeding to her vagina and rectal area. (R. 150-151) and (R. 160:15-17). A.M. also testified at trial that these alleged repeated incidents by the appellant occurred during the daytime (C.42) and (R-94).

Page 3

In comparison, L.M., who is A.M.'s older biological sister was available and voluntarily testified at trial. L.M. did testify that she was the victim of vaginal, oral and anal intercourse by the appellant despite there being no physical evidence that could neither confirm nor deny any abnormal injury or penetration.(C.108, 109, 110). It was medically reported by a physician that her genital exams were normal. (C.109-110).

In addition, L.M. testified prior to the trial in a statement that these incidents occurred during the nighttime. (C.25). L.M. also testified at trial that these alleged offenses occurred at nighttime (R-124). L.M. also admitted to changing her story about these incidents when cross examined by defense counsel about the daytime versus nighttime discrepancies (R-126:9-12) and (R. 126:18 to 126:20)

There was also testimony from L.M.'s mother that there was previous injury to L.M.s vagina area that might reflect some scar tissue from a birth defect. (R.185).

During the course of trial the attorney for the appellant cross examined the victim A.M. about a possible motives for telling this story. A.M. admitted that she believed the appellant, who was not her biological father, loved "pookie" his biological daughter more than AM or LM. (R.92).

A.M. went on to testify that she was punished more than pookie was and this may have caused her some resentment. (R. 93). Finally, A.M. admitted that she had talked to a lot of people about the alleged rape and sodomy. (R.93).

At the conclusion of the trials the appellant was found guilty by the jury of one count of rape and sodomy against A.M. and one count of sodomy, but not rape of L.M. (C.15).

I.  WHETHER THE CONSOLIDATION AND JOINDER OF THE TWO SEPARATE VICTIM'S CRIMINAL CASES AGAINST THE DEFENDANT VIOLATED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL GUARANTEED TO HIM BY THE CONSTITUTION WITHIN THE MEANING OF RULE 13.3 OF THE CODE OF ALABAMA, RULES OF CRIMINAL PROCEDURE ?

### ARGUMENT

The Appellant in this cause is WILLIAM LEE KIRBY. The District Attorney originally filed his "Motion to Consolidate or Notice of Other Crimes, Wrongs and Wrong" on October 25, 2001.(C.021) It does not appear that the trial Judge ruled on that Motion until it came up just before trial in this cause and the four indictments, two per victim, were tried before one jury. (R.07).

'It is obvious that our common sense would reveal to us that the average person, or laymen, sitting on a jury for a trial that involves a young child victim, ranging in age from six to nine, and an alleged adult perpetrator, would be such as to give rise to emotion, disgust and sentiment for that victim. Then to try the appellant before _two_ child victims at the same time for sexual offenses such as Rape 1st degree and sodomy 1st degree would not only give rise to potential prejudice but also the likelihood of injustice from the outset of the trial.

In its "Motion to Consolidate" the state first relies upon the reasoning in the Alabama Rules of Evidence 404 (b).

According to the Alabama Rules of Evidence 404 (b) cited by the prosecution in support of its Motion, (C. 21-22) Section 404 (b) states "Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

Page 5

knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Alabama Rules of Evidence Rule 404 (b) Code of Alabama (1975).

As noted previously in the Statement of Facts herein and above, there are obvious discrepancies in the testimony from the two alleged victims, A.M. and L.M. There are justifiable reasons that not to try these cases together, *other* {emphasis added} than the fact that the two of the four indicted offenses are the same against the defendant. For example, look at the results of the physical examinations as stated in States exhibit number six on A.M. (C.111) and States exhibit number five performed on L.M. (C. 108). The results are totally contrary to each other. The Virginia medical report states that L.M. had a normal vaginal and anal exam while the medical report on A.M. only shows an abnormal vaginal exam, which the defense contends by way of medical documentation is a result of a previous injury on a balance beam diagnosed as a straddle type injury to her vaginal area.(R.53).

Other such discrepancies include the testimony from A.M. wherein she states when asked by the trial defense attorney Question : "All right. Do you remember telling some of these workers like the lady that talked to you here in Alabama that he only did these bad things to you in the daytime ?" Answer: "Yes Sir". Question: "Is that true ?" Answer: "Yes, sir." (R. 94:6-11).

Contrast that with the L.M.'s testimony when under cross examination Question: " Did those things happen at nighttime or daytime ? " Answer: "A lot in the morning time, it looked like nighttime." (R. 124:14-15) Question: "Did them in the morning time but don't you remember telling everybody that this happened at nighttime ?" Answer: "Yes, sir. But it looked like nighttime outside." (R.124:19-21).

Page 6

The other argument imposed by the state in its Motion to Consolidate is the fact that the victims lived out of state (Virginia) and that it would provide judicial economy to try them together. (C.21). Well, this should not pale in the protection of the rights guaranteed to the defendant in this cause to receive a fair and impartial trial by jury who are not influenced by the subject matter of a rape and sodomy of two child victims. Obviously the testimony of the two and the results of the two medical exams are totally opposites and therefore should have been tried separately.

The jury in this matter, having no legal expertise as the lawyers and judge in the case at hand, were never able to distinguish the two unrelated offense and separated the victims and the respective crimes from one another. There were never any specific dates nor times for these offenses to have occurred, although technically in a rape and sodomy statues they are not the necessary required elements. But rather, the prosecution was able to continually use each of their witnesses and documents as if this were one crime only to prove against the defendant. For example, and there are many throughout the record, when the forensic interviewer Brenda Moss testified, she testified simultaneously in regards to both victims as if they were one in the same. When asked by the prosecution "Did you conduct the interview of both A.M. and L.M. ?" Answer : "Yes, I did" (R. 227:14-16). And further down Question: "Okay. And when you conducted each one of these interviews you, did you try to determine whether the knowledge that the child had was something from their own personal knowledge?"
Answer: "Yes, I did" Question: "And did it appear to be ?" Answer: " It appeared to be" (R.228:4-10) The jury upon listening to this colloquy , much less a seasoned trial attorney cannot reasonably determine whether she is referring to A.M. or L.M. or both. That is just one example of why the trials of two victims should not have been consolidated and tried together in this instance.

What statute controls the issue of whether or not to consolidate and join a case for trial? The Alabama Rules of Criminal Procedure Rule 13.3 Code of Alabama (1975) "JOINDER AND CONSOLIDATION FOR TRIAL.(a) Offenses. Two or more offenses may be joined in an indictment, information, or complaint, if they: (1) Are of the same or similar character: or

Page 7

(2) Are based of the same or similar character; or (3) Are alleged to have been part of a common scheme or plan." Appellant obviously does not object to being tried for the Rape and Sodomy of one victim but rather for being tried by two separate and distinct victims. As stated in the rules, the prosecutor should have leeway not to join offenses, and by the same token defendants should be afforded the right to severance. Code of Alabama (1975) AL R. CRP. 13.3.

The decision in the case against the appellant rested with the trial judge who had the discretion to consolidate the trials or not to do so. He chose to do so. (R. 7). This further contributed to defendant being found guilty and thus the mere possibility that his constitutional right to right to a fair and impartial trial was violated. We agree it is alright to try a particular defendant for say burglary and related theft, or robbery and murder against a victim, but when you mix two or more offense and two or more child victims, it makes the possibility that the appellant's right to receive a fair and impartial trial are certainly prejudiced.

It was noted in King v. State 518 So2d 880 at 883 (1987) that "King contends that the court erred in consolidating the four indictments, by the authority of Ala. R. Crim. Proc.Temp 15.3(b) *884 Before consolidation, the trial court must overcome the following three obstacles: (1) it must insure that the offenses charged in the respective indictments could have been joined in a single indictment; (2) it must be satisfied that the joinder meets the requirements set out in Rule 15.3(a); and (3) it must be satisfied that the defendant will not be prejudiced within the meaning of Rule 15.3(d)." Stanley King v. State 518 So2d 880 (1987).

The Court of Criminal Appeals further states in Stanley King vs State (1987) that "The question of propriety of joinder under Rule 15.3 (a) is a question of law, subject to full appellate review." King v. State 518 So2d 880 at 884 (1987). It is our contention that as a result of the joinder of the two child victims, the appellants right to a fair and impartial trial was prejudiced.
In the absence of any physical evidence or other witnesses, other than the inconsistent testimony of the two child victims in this case, the appellant has clearly demonstrated that the trial courts decision not to sever the trials resulted in severe prejudice towards the appellant receiving a fair trial.

Page 8

II. WHETHER THE ADMISSION OF THE TWO ALLEGED CHILD VICTIM'S OUT OF COURT HEARSAY STATEMENTS WERE PROPERLY ALLOWED BY THE TRIAL COURT ?

Prior to the criminal jury trial of the appellant, William Lee Kirby, the prosecutor for the state filed a motion on October 24, 2001 entitled "States Motion For Hearing On Admissibility of Child Victim's Out of Court Statement" (C. 23-24). Just prior to the commission of the jury trial the trial court admitted the two statements of two separate alleged child victims to be used during the course of the trial against the appellant. (R. 61)

The state in its motion alleged that the statements would be "reliable and trustworthy", despite the fact that the complaining witnesses were both less than the age of ten years of age. (C.23). The trial court did not conduct an in camera inspection of the statements nor did he question the two children who were present who made the statements before trial. The out-of-court child hearsay statements were subsequently admitted by the trial judge even though they were present for live direct confrontational testimony. (R. 33) and (R.61).

This issue was properly preserved on appeal when the attorney for the defendant timely objected on the record. (R. 35) and the trial judge subsequently overruled that objection. (R.35). The issue on appeal was clearly distinguished between the objections of the trial attorney for the defendant and the prior ruling of the court. (R.59).

The controlling statute in regards to the admissibility of child hearsay statements we rely upon is found in the <u>Alabama Code</u> (1975) Section 15-25-32 which states in its entirety,
"Out of Court statement-Requirements for admissibility. An out of court statement may be admitted as provided in Section 15-25-31, if:
(1) The child testifies at the proceeding, or testifies by means of video tape deposition as provided in Section 15-25-2, or testifies by means of closed circuit television as provided in Section 15-25-3, and at the time of such testimony is subject to cross-examination about the out-of-court statements; or
(2) a. The child is found by the court to be unavailable to testify on any of these grounds:
   1. The child's death;

Page 9

  2. The court finds that there are reasonable grounds to believe that the defendant or someone acting on behalf of the defendant has intentionally removed the child from the jurisdiction of the court;
  3. The child's total failure of memory
  4. The child's physical or mental disability;
  5. The child's incompetency, including the child's inability to communicate about the offense because of fear or a similar reason; or
  6. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of closed circuit television; and

  b.  The child's out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness." Ala Code (1975)15-25-32.

As previously stated in Ex parte B.B. S. 647 So2d 709 (Ala. 1994), the Supreme Court held that the Trial Court erred in disallowing defense testimony because the petitioner did not, at the beginning of the trial and before the state had produced any evidence of guilt, 'cross examine' victim. The trial court effectively held that, in cross-examining victim, the petitioner had to anticipate that the state would later introduce inculpatory evidence and had to lay a predicate for the subsequent rebuttal of that evidence. When the victim finished her testimony, the petitioner could have rested on the presumption of innocence and, if the prosecution offered no further evidence, he would have been entitled to a judgement of acquittal. Thus, to require him to 'lay a predicate' at the early stage would have denied him the presumption of innocence. Ex parte B.B. S. 647 So2d 709 (Ala. 1994).

There is nothing in the record that this trial from either alleged child victim that they were dead; nor were they unavailable due to an act of the defendant; nor was she devoid of memory; nor were they physically or mentally disabled; nor were they incompetent; nor were there any allegation that the child would suffer severe emotional trauma from anyone. There was only a vague allegation in the states motion to allow the hearsay because they said that it would be reliable and trustworthy, with no further evidence or proof of such by the state .(C.23).

Page 10

The holding in Ex parte B.B. S. 647 So2d 709 at 712 (Ala. 1994) notes that under the Confrontation clause **requires** /emphasis added} that hearsay testimony of a child sexual abuse victim regarding their statements should not be admissible *even if the child testifies* /emphasis added}. The Court of Criminal appeals also held in P.D.F. Vs. State 758 So2d 1118 (1999) that evidence of the trustworthiness of a childs out-of-court statement is *necessary* /emphasis added} for admissibility even when the child testifies at trial and is subject to cross examination. Code of Alabama (1975), Section 15-25-32.

The trial court did listen to one witness in support of the admissibility of the out-of-court statements, forensic interviewer Brenda Moss, the trial record does not indicate that the court analyzed ALL relevant criteria to guarantee the trustworthiness factors of both child statements since this was in fact a consolidated and joined trial of two child victims, as set forth in P.D.F. Vs. State 758 So2d 1118 at page 1123 (1999). There were thirteen factors that should be reviewed by the court in determining whether one or both out-of-court statements were trustworthy or not. The record does not reveal that thirteen factors were looked at in regards to either of the two alleged child victims. Only a general inquiry was made at the pre-jury hearing on this matter motion by the prosecution.

The state in the prosecution in the absence of physical medical evidence indicating sexual abuse, relies heavily on the admission of both out-of-court hearsay statements of A.M. and L.M. Thus the statements offered should not have been admitted as evidence against the appellant at the trial level.

Long after the admission of both child victims out of court hearsay statements, a witness for the state, Dr. Linda Anz was allowed to testify as to what the both children told her in its entirety. (R. 195:22-25). The states exhibit one, the Pediatric Clinic report was admitted as part of this out-of court hearsay exception. (R.58). At all times both A.M. and L.M. were available for testimony.

Page 11

Therefore, it is the contention of the appellant that neither of the out-of-court statements offered by the prosecution, objected to by defense counsel and admitted by the court, should have been allowed. Appellant request that this cause be reversed and remanded with instructions to the trial court to either deny the states motion to admit the out-of-court statements of both child sexual abuse victims or in the alternative grant a new trial in order to conduct a separate hearing for each alleged child victim, and apply all thirteen factors to determine the reliability and trustworthiness of those out-of-court statements.

## CONCLUSION

It is our contention that as a result of the joinder of trials involving the two separate child victims, the appellants right to a fair and impartial trial was prejudiced. Based on the foregoing, the appellant respectfully request that the appellant, WILLIAM LEE KIRBY, based on the trial court's rulings and the jury's finding of Rape and Sodomy be reversed and remanded back to the Circuit Court of Lee County, Alabama for separate trials in order to afford the appellant his constitutionally guaranteed right to a fair and impartial trial. Therefore a judgment should be rendered in favor of the appellant.

In addition, appellant contends that if this case is remanded back with further instruction, that the out-of-court child hearsay statements be strictly construed before their admission in order to provide appellant with a fair and impartial trial.

Respectfully submitted,

_Larry G. Cooper_
Larry G. Cooper
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have served a copy of this brief upon the Office of Attorney General of the State of Alabama by placing a copy of the same in the United States Mail, postage prepaid and properly addressed.

Done this the 10th day of September 2002

*Larry G. Cooper*
LARRY G. COOPER
ATTORNEY FOR APPELLANT
P O BOX 1868
AUBURN, AL 36831-1868
(334)502-0022

Page 14