No. CR-01-1540

In the COURT of CRIMINAL APPEALS
Of ALABAMA

WILLIAM LEE KIRBY,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

On Appeal From the Circuit Court of
Lee County (CC-01-1001-1003)

BRIEF OF APPELLEE

    William H. Pryor Jr.
    *Attorney General*

    P. David Bjurberg
    *Assistant Attorney General*

    Jean A. Therkelsen *
    *Assistant Attorney General*

    Attorneys for Appellee

    State of Alabama
    Office of the Attorney General
    11 South Union Street
    Montgomery, Alabama 36130
    (334) 242-7300*
October 4, 2002    *Counsel of Record



EXHIBIT C

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument is not requested. Rule 32 of the Alabama Rules of Appellate Procedure allows for the request of oral argument in all cases. According to Rule 32, oral argument is not proper if, among other situations,

> (3) The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief and will not be aided by oral presentation. The State, therefore, does not request oral argument.

TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................... i

TABLE OF CASES AND AUTHORITIES............................. iii

STATEMENT OF THE CASE....................................... 1

ISSUES PRESENTED FOR REVIEW................................. 2

STATEMENT OF THE FACTS...................................... 2

STANDARDS OF REVIEW......................................... 4

SUMMARY OF THE ARGUMENT..................................... 5

ARGUMENT.................................................... 6

    I.  Kirby Has Not Preserved His Claim That The
    Trial Court Erred In Consolidating His Cases For
    Trial, Because No Objection Was Made On These
    Grounds At The Trial Court Level...................... 6

    II.  Kirby's Claim That The Trial Court Erred In
    Admitting The Out Of Court Statements Of The
    Victims Is Not Preserved For Appellate Review,
    Because No Objection Was Made To the Admission Of
    These Statements At The Trial Court Level............. 7

CONCLUSION................................................. 11

CERTIFICATE OF SERVICE..................................... 12

TABLE OF CASES AND AUTHORITIES

**Cases**

*Carter v. State*, 627 So. 2d 1027 (Ala. Crim. App.1992).... 6

*City of Rainbow City v. Ramsey*, 417 So. 2d 172 (Ala. 1982) 9

*Crosslin v. State*, 504 So. 2d 1225 (Ala. Crim. App. 1988). 9

*Dixon v. State*, 476 So. 2d 1236 (Ala. Crim. App. 1985).... 8

*Ex parte Frith*, 526 So. 2d 880 (Ala. 1987)................ 9

*Landreth v. State*, 600 So. 2d 440 (Ala. Crim. App. 1992).. 9

*Leonard v. State*, 551 So. 2d 1143 (Ala. Crim. App. 1991).. 6

*Pate v. State*, 601 So. 2d 210 (Ala. Crim. App. 1992)...... 8

*Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 1986)... 9

**STATEMENT OF THE CASE**

William Lee Kirby was convicted of repeatedly sodomizing child victims, A. M. and L. M. Kirby was also convicted of raping A. M. A. M. was in kindergarten at the time of the sodomy and rape. Her sister, L. M. was in the second grade at the time of the abuse.

On October 5, 2001, the Lee County Grand Jury indicted Kirby in case numbers CC-01-1001, and CC-01-1002 on charges of sodomizing victims A. M. and L. M., females being less than twelve years of age, the said William Kirby being 16 years or older in violation of Ala. Code 13A-6-63 (1975). (C. 2, 5, 73) In case number CC-01-1003, the grand jury indicted Kirby on charges of the first-degree rape of A. M. in violation of Ala. Code 13A-6-61 (1975). (C. 81) The cases were consolidated for trial on October 30, 2001. (C. 2)

The case came to trial before Judge Robert Harper on December 3, 2001. (C. 2; R. 1) On December 4, 2001, the jury returned verdicts finding Kirby guilty of sodomy and rape, as charged in the indictments. (C. 15, 76, 79; R. 373) On April 22, 2002, the trial court sentenced Kirby to sixteen years on each conviction and ordered the sentences

to run concurrently. (C. 4, 72, 80; R. 381) Notice of appeal was filed on April 18, 2002 (C. 4), and this action follows.

## ISSUES PRESENTED FOR REVIEW

1. Did Kirby preserve his claim that the trial court erred in consolidating his cases for trial?

2. Did Kirby preserve his claim that the trial court erred in admitting the out-of-court statements of the victims?

## STATEMENT OF THE FACTS

On June 25, 2001, forensic interviewer Brenda Moss separately interviewed ten-year-old L. M. and her younger sister, eight-year-old A. M. in reference to a sexual abuse report filed against William Kirby, their mother's former boyfriend. (R. 227) The sexual abuse occurred several years earlier when the girls, their mother, and Kirby lived in Opelika, Alabama. A. M. was in kindergarten and L. M. was in the second grade when the incidents occurred. (R. 236, 241) Later, the girls and their mother moved to Virginia, where L. M. reported the incidents of abuse to a school counselor.

2

A. M. was nine years old at the time of trial. Kirby, who was her mother's live-in boyfriend, kept her and her sister while their mother was at work. (R. 100-102, 149, 182) Kirby used to handcuff A. M. and dunk her in a tub of water until she passed out. (R. 81-82) A. M. testified that, on numerous occasions, Kirby would undress them both. He would then put his penis in her "butt," in her mouth, and in her "pie", which is what A. M. called her vagina. (R. 84-85) A. M. testified that it hurt when Kirby did these things to her. (R. 86) She did not tell her mother about the sexual abuse because Kirby told her to keep it a secret. (R. 86, 104) When Kirby had vaginal intercourse with her, she started bleeding. She told her mother that she hurt herself by falling on the balance beam at school. (R. 87) Later, her sister L. M. told a counselor at school that Kirby was sexually abusing them. (R. 104)

L. M., A. M.'s older sister, was ten years old at the time the case came to trial. (R. 115) When she was in the second grade, L. M. lived in Opelika with her mother, her two sisters, and William Kirby, her mother's boyfriend. (R. 116) Kirby had anal intercourse with L. M. on many occasions and vaginal intercourse with her on at least one

3

occasion. (R. 120) L. M. testified that it hurt when Kirby had sex with her. (R. 120) Kirby also put his penis in her mouth and ejaculated. (R. 121) After her mother broke up with Kirby, the girls and their mother moved to Virginia. (R. 148)

In Virginia, L. M. told a counselor at school about the abuse and the case was referred to the Department of Human Resources. On June 25, 2001, A. M.'s pediatrician, Linda Anz, examined A. M. following a referral from the Department of Human Resources. (R. 195-196, 221) A. M. told Dr. Anz that Kirby had sexually abused her. (R. 196) A genital examination was performed on the child. (R. 198) The examination revealed damage to A. M.'s hymen that was consistent with vaginal penetration. (R. 198) Dr. Anz testified that the injury was not the result of a fall on the balance beam. (R. 199)

## STANDARDS OF REVIEW

1. "A trial court's decision to consolidate is entitled to deference on appeal and will not be overturned absent a showing of an abuse of discretion." *Curry v. State*, 601 So. 2d 157, 160 (Ala. Crim. App. 1992); *Gladden v. State*, 551 So. 2d 1141 ((Ala. Crim. App. 1989).

4

2. The standard of review regarding the admissibility of evidence is abuse of discretion. "Determinations of admissibility of evidence rest largely within the discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of discretion." *Thomas v. State*, CR-96-0876, 1999 WL 1267801, at *58 (Ala. Crim. App. Dec. 30, 1999); *Finley v. State*, 606 So. 2d 198, 202 (Ala. Crim. App. 1992).

## SUMMARY OF THE ARGUMENT

1. In issue one, Kirby argues the trial court erred in consolidating his cases for trial. The cases were consolidated for trial by the trial court on October 30, 2001. (C. 2) Defense counsel made no objection to the consolidation, either in a written motion or before the trial court prior to trial. (R. 7) This issue is not preserved for appellate review.

2. In issue two, Kirby argues that the trial court erred in admitting the out-of-court statements made by the child victims because the trial court did not make a finding that such statements were trustworthy. The statements at issue were offered into evidence without

5

objection by defense counsel. (R. 35, 61) Therefore, this issue is not preserved for appellate review.

## ARGUMENT

**I. Kirby Has Not Preserved His Claim That The Trial Court Erred In Consolidating His Cases For Trial, Because No Objection Was Made On These Grounds At The Trial Court Level.**

In issue one of his brief on appeal, Kirby argues the trial court erred in consolidating his cases for trial. On October 24, 2001, the State filed a motion to consolidate cases CC-01-1001, CC-01-1002, and CC-01-1003 for trial. (C. 21-22) The cases were consolidated for trial by the trial court on October 30, 2001. (C. 2) Defense counsel made no objection to the consolidation, either in a written motion or before the trial court before trial. (R. 7) Review by this Court is limited to matters properly raised before the trial court. *Carter v. State*, 627 So. 2d 1027, 1028 (Ala. Crim. App. 1992). The record indicates no objection was made to the consolidation of the cases at trial. This issue was not preserved for appellate review; the record contains no objection to the consolidation of the charges to be tried together, no motion to sever the charges, and no motion for new trial on these grounds. Because it is being raised for the first time on appeal,

6

there is no adverse ruling for this Court to review. *Leonard v. State*, 551 So. 2d 1143, 1146 (Ala. Crim. App. 1991).

Accordingly, the trial court is due to be affirmed.

**II. Kirby's Claim That The Trial Court Erred In Admitting The Out Of Court Statements Of The Victims Is Not Preserved For Appellate Review, Because No Objection Was Made To the Admission Of These Statements At The Trial Court Level.**

In issue two of his brief on appeal, Kirby argues that the trial court erred in admitting the out-of-court statements made by the child victims. Specifically, Kirby argues that the trial record does not indicate that the court analyzed all of the relevant criteria in determining the trustworthiness of the statements at issue.

Although Kirby argues on appeal that trial counsel timely objected to the admission of these statements at trial, thus preserving this issue for review, the record does not support Kirby's claims. Appellate counsel refers the Court to page thirty-five of the record in support of his contention that defense counsel objected to the admission of these statements at trial. (Kirby's brief on appeal, page nine, citing the court to record page thirty-five.) On page thirty-five of the record, the State offered

7

Brenda Moss as an expert in conducting forensic interviews of child victims:

> Q. (Prosecutor) Okay. We would offer as an expert for the purposes of her child interviews, interviewing child victims.
>
> THE COURT: All right.
>
> MR. FUNDERBURK: For the record, we would object.
>
> THE COURT: Objection overruled.

(R. 35)

Defense counsel's objection to Moss as an expert in the area of forensic interviews did not preserve for appeal the issue regarding the trustworthiness of the victim's out-of-court statements. It is axiomatic that review is limited on appeal to matters properly and timely raised in the court below. *Dixon v. State*, 476 So. 2d 1236, 1239 (Ala. Crim. App. 1985). "An issue which is raised for the first time on appeal is not subject to appellate review, because it has not been properly preserved and presented." *Pate v. State*, 601 So. 2d 210, 213 (Ala. Crim. App. 1992). "A criminal defendant is limited on appeal to the specific ground raised in support of an objection or motion at trial and new grounds cannot be raised on appeal." *Id.*, citing *Washington v. State*, 555 So. 2d 347 (Ala. Crim. App. 1989).

8

"It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings." *Willis v. State*, 500 So. 2d 1324, 1324 (Ala. Crim. App. 1986).[1] Even constitutional issues may be waived on appeal. *Crosslin v. State*, 504 So. 2d 1225, 1226 (Ala. Crim. App. 1988). "The trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it." *City of Rainbow City v. Ramsey*, 417 So. 2d 172, 174 (Ala. 1982). "Review on appeal is limited to matters as to which the trial court makes adverse rulings." *Landreth v. State*, 600 So. 2d 440, 445 (Ala. Crim. App. 1992). The trial court will not be put in error on grounds not assigned at trial. *Ex parte Frith*, 526 So. 2d 880, 882 (Ala. 1987).

The statements at issue were offered into evidence without objection by defense counsel. (R. 61) Therefore, this issue is raised for the first time on appeal. "In order for this Court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection

---

[1] *Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 1986), concerned claims on

9

must be made by the trial court." *Goodson v. State*, 540 So.2d 789, 791 (Ala. Crim. App. 1988); *Ingram v. State*, 729 So. 2d 883, 894 (Ala. Crim. App. 1996).

No objection was made at trial on the grounds now argued on appeal. Accordingly, this issue is not preserved for appellate review and the trial court is due to be affirmed.

---

appeal from a guilty plea.

CONCLUSION

For the above-stated reasons, this Court should affirm Kirby's conviction and sentence.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*
By:

Jean A. Therkelsen
*Senior Assistant Attorney General*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2002, a copy of the foregoing was served on the attorney for the appellant by placing the same in the United States mail, first class postage prepaid, addressed as follows:

Honorable Larry G. Cooper
P. O. Box 1868
Auburn, Alabama 36831-1868

/s/ Jean A. Therkelsen
Jean A. Therkelsen
Assistant Attorney General

Address of Counsel:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7300
77503/40518-001

12