

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges


RELEASED
NOV 15 2002
CLERK
ALA COURT CRIMINAL APPEALS

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-01-1540    Lee Circuit Court CC-01-1001, CC-01-1002, and CC-01-1003

William Lee Kirby v. State of Alabama

Baschab, Judge.

The appellant was convicted of one count of first-degree sodomy of L.M. (case number CC-01-1001), a violation of §13A-6-63(a)(3), Ala. Code 1975; one count of first-degree sodomy of A.M. (case number CC-01-1002), a violation of §13A-6-63(a)(3), Ala. Code 1975; and one count of first-degree rape of A.M. (case number CC-01-1003), a violation of §13A-6-61(a)(3), Ala. Code 1975.[1] The trial court sentenced him, as a habitual offender, to serve concurrent terms of sixteen years in prison on each conviction. See §13A-5-9, Ala. Code 1975. The appellant did not file any post-trial motions. This appeal followed.

---

[1] The appellant was also indicted for one count of first-degree rape of L.M. However, the jury acquitted him of that charge.

EXHIBIT D

I.

The appellant argues that the trial court erroneously consolidated the indictments involving L.M. with the indictments involving A.M. for trial. However, he did not object to the consolidation of the cases for trial, and he did not move to sever the trial of the cases. In fact, the case action summary sheets indicate that the cases were "consolidated by agreement." (C.R. 2, 70, 78.) Therefore, this issue is not properly before this court. See Walker v. State, 594 So. 2d 722 (Ala. Crim. App. 1991).

II.

The appellant also argues that the trial court erroneously admitted into evidence the victims' out-of-court statements pursuant to §15-22-32, Ala. Code 1975. Specifically, he contends that the victims were not unavailable and that the record does not indicate that the trial court considered all of the factors set forth in §15-25-37, Ala. Code 1975, when it evaluated the trustworthiness of the victims' out-of-court statements. However, the appellant did not raise these arguments during the pre-trial hearing on the admissibility of the statements or when the State presented testimony regarding those statements. Therefore, he did not preserve them for our review. See Minnis v. State, 690 So. 2d 521 (Ala. Crim. App. 1996).

For the above-stated reasons, we affirm the trial court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.