IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEE KIRBY,<br>AIS #182340, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| vs. | )<br>)<br>) | CIVIL ACTION NO.<br>3:06-CV-456-WKW (WO) |
| LEON FORNISS, *et al*, | )<br>)<br>) | |
| Respondent. | ) | |

## SUPPLEMENTAL ANSWER

Comes now the Respondent, by and through the State of Alabama and, pursuant to this Court's order issued on July 7, 2006, makes the following supplemental answer to the allegations contained in Kirby's federal petition:

1. In his petition filed in this Court on May 17, 2006, Kirby, who is presently incarcerated in Staton Correctional Facility, attacks his April 11, 2002 conviction in Lee County of two counts of first-degree sodomy and one count of first-degree rape on grounds of ineffective assistance of counsel. Kirby further claims that his failure to file this petition within the prescribed time was not his fault. (Kirby's petition, page 14)

2. Respondent filed an answer to Kirby's petition on July 5, 2006. Therein, Respondent argued that Kirby's petiton was barred by the federal statute of

limitation. Specifically, certificate of judgment in Kirby's direct appeal was issued on December 3, 2002. For the purpose of the habeas corpus statute of limitation, Kirby's conviction became final when the time expired for him to seek review in the United States Supreme Court. See: Coates v. Byrd, 211 F. 3d 1225, 1226-1227 (11th Cir. 2000). Pursuant to Coates v. Byrd, the statute of limitation began to run in Kirby's case on March 3, 2003, ninety days after the issuance of the certificate of judgment on direct appeal. Kirby has never filed a Rule 32 petition in state court. The one-year statute of limitation expired on March 3, 2004. He filed the instant petition more than two years later, on May 17, 2006, some two years *after* the one-year statute of limitation expired.

3. On July 7, 2006, this Court ordered the Respondent to file a supplemental answer addressing Kirby's assertion that he is entitled to equitable tolling of the limitation period until the filing of this petition because his appellate counsel failed to advise him "that he had not filed for certiorari," or that his conviction had become final on direct appeal.

4. Equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). Section 2254 permits equitable tolling "when a movant untimely filed because of extraordinary circumstances that are both beyond his

2

control and unavoidable with due diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), quoting, Sandvik v. United States, 177 F. 3d 1269, 1271 (11th Cir. 1999).

5. "Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Drew v. Dept. of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2002). Certificate of final judgment was issued in Kirby's direct appeal on December 3, 2002. Kirby then had ninety days to seek further review. He did not do so. Kirby's time limitation for filing a federal claim under §2254 began on March 3, 2003 and expired on March 3, 2004. Any filing in state court after March 3, 2004 would not "toll" the time for filing the instant petition. Kirby did not file a Rule 32 petition. He did not file the instant federal petition until May 17, 2006. Nearly four years passed in which Kirby made no effort to obtain information regarding his appeal. During this time, he did not attempt to raise his claims in state court in a Rule 32 petition. Kirby has not made any showing that would entitle him to equitable tolling of the limitation period.

Accordingly, Kirby's petition is due to be denied as barred by the statute of limitation.

## CONCLUSION

Based upon the foregoing, Kirby's petition for writ of habeas corpus is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/Jean A. Therkelsen
Jean A. Therkelsen
Assistant Attorney General

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: William Lee Kirby, AIS #182340, Staton Correctional Facility, P. O. Box 56, Elmore, Alabama 36025.

> Respectfully submitted,
>
> s/Jean A. Therkelsen
> Jean A. Therkelsen
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL 36130-0152
> Telephone: (334) 242-7300
> Fax: (334) 242-2848
> E-Mail: JTherkelsen@ago.state.al.us

153650/95828-001