IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEE KIRBY, #182340, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 3:06-CV-456-WKW |
| LEON FORNISS, et al., | ) |
| Respondents. | ) |

**ORDER**

The petitioner, William Lee Kirby ["Kirby"], asserts that appellate counsel provided ineffective assistance by failing to apprise him of the denial of his direct appeal and finality of judgment thereby causing the untimely filing of the instant habeas petition. Accordingly, it is

ORDERED that on or before August 14, 2006 the respondents shall file a supplemental response addressing the factual basis of the aforementioned claim for equitable tolling of the federal period of limitation.

Since Kirby's request for equitable tolling rests on claims of ineffective assistance of appellate counsel, the court concludes that he has waived the attorney-client privilege with respect to these claims. *Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000) (counsel could have related what client "told them because, by claiming that their performance in the trial court was ineffective, [petitioner] had waived the attorney-client privilege."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *see also*

*McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (defendant's claims of ineffective assistance of counsel "waived his attorney-client privilege as to those matters pertaining to the attorney's representation . . ."; *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975) (attorney-client privilege is waived when client challenges attorney's effectiveness).  Thus, the CLERK is DIRECTED to provide a copy of the habeas petition to petitioner's appellate counsel, Larry G. Cooper.  It is

ORDERED that on or before July 27, 2006 Larry G. Cooper shall provide an affidavit to the court, the petitioner and counsel for the respondents which addresses the claims of ineffective assistance of counsel arising from his alleged failure to notify the petitioner of the status of his direct appeal.

Done this    13th day of July, 2006.


/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE