IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM LEE KIRBY, # 182340,    )
    Petitioner,             )
                            )
v.                              )  CASE NO. 3:06-CV-456-WKW
                            )
LEON FORNISS, et al.,           )
    Respondents.            )

RECEIVED
2006 JUL 14  P 2:22

## PETITIONER'S SUPPLEMENTAL ANSWER

COMES NOW the petitioner, pro se, and pursuant to this Court's Order issued on July 7, 2006, makes the following supplemental answer to respondent's misapprehensions:

Initially your petitioner would like to respond to the State's portrayal and bastardization of the record in their carte blanche resitation of the record.  As to point 5 of 'Procedural History' found at page 2 of the State's Answer; the State in what would otherwise be inadmissable as more prejudicial than probative offers erroneously that the petitioner "was convicted of repeatedly sodomizing child victims".  Further they note that the victims were in kindergarten and the second grade at the time of the alleged acts.  Herein the State wishes to paint a picture of an egregious sexual offender in order to prejudice this Court's vision in the case at bar.

An appellate review should only speak to the various treatise's of law and facts of record prevelent to and germane to the proceeding.  However, since the State wishes to present a portrait of fallacy, allow me to answer simply.  If the petitioner was this monster the State attempt to draw....Why did the presiding Circuit Court judge, with an available range of punishment upon petitioner's conviction(s) of multiple Life sentences, choose to sentence petitioner to a total of 16 years?  The answer indeed makes the question seem rhetorical.  The Circuit Court judge after hearing all of the evidence believed this petitioner to be factually innocent and expressed it in the only way available to the Court.

But such speculation and subterfuge should not be material to this petition, and as such, petitioner will resist any further inveigle by the State.

(1)

What however is subject to, and at the very core of this petition, is whether or not this petitioner is due equitable tolling of the limitations period due to the fact that a State actor denied him the privilege to assert said properly?

ARGUMENT

The Supreme Court recently held that when a petitioner relies upon an ineffectiveness claim as cause to excuse his procedural default, the ineffectiveness of counsel claim must itself have been exhausted before the State Courts in order to comply with the commands of Murry v Carrier, 477 US 478, 489, 106 S.Ct 2639, 91 LEd2d 397 (1986). See Edwards v Carpenter, 529 US 446, 120 S.Ct 1587, 1591-92, 146 LEd2d 518 (2000).

Here allow me to note that "there is no need to consider whether an accused has a federal constitutional right to counsel in those cases in which state collateral review is the first place that the accused can present a challenge [for ineffectiveness of counsel]." Coleman v Thompson, 501 US 722, 115 LEd2d 640, 111 S.Ct 2546 (1991). The Coleman court in discussing a habeas petitioner who filed an untimely notice of appeal in state court reasons, " A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." Id at 732, 111 S.Ct 2546.

In the case at hand, your petitioner failed not because he had failed to exhaust his remedies, but because he had procedurally defaulted them. "Whehter a particular claim is subjected to the doctrine of procedural default...is a mixed question of law and fact," subject to de novo review. Judd v Haley, 250 F3d 1308, 1313 (11thCir.2001). In the case at bar, this petitioner relied solely upon the insistence of his counsel; a pseudo state actor, (as he was appointed by the State); for the adjudication and perfection of his appeal as of right.

The 11th Circuit Court of Appeals has opined in the past that a defendant's "failure to act or think like a lawyer" cannot be asserted by a pro se litigant as an excuse to assert proper claims. Therefore, logic would posit that a defendant cannot be held responsible for not 'acting or thinking like a lawyer' in the questioning of their veracity that all of the necessary steps were being taken in regards to their appeal. See Smith v

(2)

**Newsome**, 876 F2d 1461, 1465 (11thCir.1989).

You see, contrary to the State's assertions, petitioner is not challenging that his petition is outside of the 'statute of limitations'; only that such should be excused and that he should not be barred from pursuing these claims. Petitioner realizes that in order for this court to grant review of a procedurally defaulted claim he must show both "cause" for the default and actual "prejudice" resulting from the default. See **Murray v Carrier**, Supra., at 477 US 485. See also, **Wainwright v Sykes**, 433 US 72, 87, 97 S.Ct 2497, 2506, 53 LEd2d 594 (1977);(" to establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external [to himself] impeded the effort to raise the claim properly in the state court.") **Wright v Hopper**, 169 F3d 695, 703 (1th Cir.1999). To establish "prejudice", a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. **Crawford v Head**, 311 F3d 1288, 1327-28 (11th Cir.2002).

As previously noted, petitioner Kirby relied exclusively upon his attorneys representation that all of his appeals were being vigorously pursued. When he became somewhat anxious, the petitioner sought some advice in his prison law library. There he was assured that some appeals take years to reach a resolution. Subsequently, through no fault of his own, this petitioner thus allowed for his time to run out on his limitations period to file a Rule 32 postconviction petition. All the while believing that his attorney was taking care of him. Finally, once this petitioner discovered the deceit, he set about studying in order to file in pro se. This petition is a result of said.

It is well settled that a petitioner can show 'cause' by proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution. See **Murray**, supra at 477 US 488. Arguendo, failure to even file a brief requested by a client is per se ineffective in both the Alabama and Federal Courts. Additionally, petitioner Kirby was influenced to such an extent as could be considered undue as to Alabama law. Alabama's undue influence law is set forth in the case of **Burns v Marshall**, 767 So2d 347, 352 (ALA.2000) wherein the Alabama Court opines that undue influence is presumed when: (1) there is a confidential relationship; (2) there is a dominant and controlling influence

(3)

by the fiduciary; and (3) there is improper activity in procuring the action at issue. Obviously, this was the case with the petitioner. It should go without saying that a criminal defendant (especially post-incarceration), is at the mercy of the influence of their attorney. As such, in the instant case, 'cause' is easily established.

As to the resulting "prejudice"; petitioner's argument that the State denied him compulsory due process with regards to their failure to follow their own law, is itself prejudicial in effect. Under **Code of Alabama 1975 § 15-25-30 through 40**, the State is required to ascertain the trustworthiness of child victim statements prior to the admission into a proceeding. This was not afforded to petitioner. Had this impeachment been possible, the entire case in chief of the prosecution could have been vitiated. Indeed, there is a presumption of prejudice when there exists a reasonable probability that but for the failures of the State actors a defendent might have been found not guilty. **Pickney V Cain, 337 F3d 542 (11thCir.2003).** And since there is no reasonable pathway whereby anyone could overcome the doubt presented, "prejudice" of the pettitioner is clear. Additionally, prejudice would also be prsumed when a defendant is not allowed through no fault of his own to perfect his direct appeal. Accordingly, the State's argument must fail.

WHEREFORE, all premises considered, petitioner would pray that this honorable court set down a time as soon as would be practicable to conduct an evidentiary hearing as to the above wherein petitioner could present further evidence of these vital issues. Petitioner would further pray that in the best interest of comity and federalism he be excused the default presented and allowed to be protected from what our forefathers intended with the passage of habeas corpus...a conviction of an innocent citizen.

Respectfully submitted,

07-12-06
date

William Lee Kirby
William Lee Kirby, # 182340, pro se
Staton C.F.   Honor Dorm
P.O. Box 56
Elmore, AL  36025

(4)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>12th</u> day of July, 2006, I served a copy of the foregoing on the respondent's by placing the same in the U.S. Mail, first class, postage prepaid and addressed as follows:

>Jean A. Therkelsen
>Assistant Attorney General
>11 South Union Street
>Montgomery, Alabama   36130-0152

*William Lee Kirby*
William Lee Kirby, pro se