# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

| | |
|---|---|
| *Mailing address:* | *Physical/ Street address:* |
| *Larry G. Cooper* | *The Auburn Bank Center* |
| *Post Office Box 1868* | *132 North Gay St. Suite # 214* |
| *Auburn, Alabama 36831-1868* | *Auburn, Alabama 36830* |
| *Phone (334) 502-0022     LarrytheLawyerAL@AOL.Com* | *Facsimile (334) 502-0836* |

September 10, 2002

Mr. William Lee Kirby
221 Veteran's Parkway Lot # 98
Opelika, AL. 36801

**RE: Appeal**

Dear Mr. Kirby :

I was appointed by the court to represent you in your criminal appeal case in Lee County Circuit Court in Lee County, Alabama. Enclosed is your copy of the appeal I prepared on your behalf. I have mailed and filed the required four copies and original to the Clerk of the Court of Criminal Appeals and to the Attorney Generals Office. They have 14 days to file a reply brief, but I anticipate that they will ask for a one week extension since the transcript in your case is so long, two volumes.

I will have another chance to respond to their brief and add anything to ours if needed. So within the next two-three weeks if there is anything you would like for me to add or reply to, please let me know as soon as possible. Otherwise, the briefs will be in the hands of the judges on the Court of criminal appeals to decide whether or not to over turn your conviction or grant to you a new and fair trial.

If you need any further information and would like to discuss your case situation with me, please call in advance to schedule an appointment.

Sincerely,

Larry G. Cooper

# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

| | |
|---|---|
| *Mailing address:* | *Physical/ Street address:* |
| *Larry G. Cooper* | *The Auburn Bank Center* |
| *Post Office Box 1868* | *132 North Gay St. Suite # 214* |
| *Auburn, Alabama 36831-1868* | *Auburn, Alabama 36830* |
| *Phone (334) 502-0022        LarrytheLawyerAL@AOL.Com* | *Facsimile  (334)  502-0836* |

November 15, 2002


Mr. William Lee Kirby
221 Veteran's Parkway Lot # 98
Opelika, AL. 36801


**RE: Appeal**


Dear Mr. Kirby :


I was appointed by the court to represent you in your criminal appeal case in Lee County Circuit Court in Lee County, Alabama. Enclosed is the Order from the Court of Criminal Appeals I received on this date. Unfortunately they have affirmed the conviction of the state court. Therefore, you have 14 days to file a motion for rehearing and to appeal their decision. Otherwise, you will need to turn yourself in and begin serving your sentence.

If you need any further information and would like to discuss your case situation with me, please call in advance to schedule an appointment.

Sincerely,

Larry G. Cooper

August 12, 2002

RE: Release of Confidential Information

To whom it may concern:

I William Lee Kirby hereby request and authorize that the release of any and all records held by you in regards to his criminal case.

These records are to be released to Larry G. Cooper, Jr.., Appellant attorney for William Lee Kirby, to be used in representation in regard to further proceedings in my criminal appeal.

DONE this the _12 29_ day August 2002.

William Lee Kirby
DOB: 6/24/1976

Witness

# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

**Mailing address:**
*Larry G. Cooper*
*Post Office Box 1868*
*Auburn, Alabama 36831-1868*
*Phone (334) 502-0022*        *LarrytheLawyerAL@AOL.Com*

**Physical/ Street address:**
*The Auburn Bank Center*
*132 North Gay St. Suite # 214*
*Auburn, Alabama 36830*
*Facsimile  (334)  502-0836*

December 13, 2002

Mr. William Lee Kirby
221 Veteran's Parkway Lot # 98
Opelika, AL. 36801

**RE: Appeal**

Dear Mr. Kirby  :

I was appointed by the court to represent you in your criminal appeal case in Lee County Circuit Court in Lee County, Alabama. Enclosed is the Certificate of Judgement from the Court of Criminal Appeals I received on this date, December 13, 2002. The Court of Criminal Appeals has affirmed your conviction in the Circuit Court of Lee County, Alabama.

I had previously notified you by letter on November 15, 2002 that you had 14 days to file a motion for rehearing and to appeal their decision. But I did not hear back from you until you called by telephone on Monday December 02, 2002, which unfortunately was past the 14 day deadline.

Therefore, I will be closing my file in your case. If you need any further information and would like to discuss your case situation with me, please call in advance to schedule an appointment.

Sincerely,

Larry G. Cooper

enclosure/ Certificate of Judgement

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, ALABAMA 36130-1555

36831 JKAPGM3

HON LARRY G COOPER JR
P O BOX 1868
AUBURN AL 36831-1868

PRESORTED
FIRST CLASS



DEC 12'02
A.L.

PB METER
7131631

$ 00.292

U.S. POSTAGE

# THE STATE OF ALABAMA— JUDICIAL DEPARTMENT
# THE COURT OF CRIMINAL APPEALS

## CERTIFICATE OF JUDGMENT

**Criminal Appeals Case**          **CR-01-1540**

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 15th day of November, 2002, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
3rd day of December, 2002

Clerk
Court of Criminal Appeals
State of Alabama

# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

*Mailing address:*
*Larry G. Cooper*
*Post Office Box 1868*
*Auburn, Alabama 36831-1868*
*Phone (334) 502-0022*          *LarrytheLawyerAL@AOL.Com*

*Physical/ Street address:*
*The Auburn Bank Center*
*132 North Gay St. Suite # 214*
*Auburn, Alabama 36830*
*Facsimile  (334)  502-0836*

November 15, 2002

Mr. William Lee Kirby
221 Veteran's Parkway Lot # 98
Opelika, AL. 36801

**RE: Appeal**

Dear Mr. Kirby :

I was appointed by the court to represent you in your criminal appeal case in Lee County Circuit Court in Lee County, Alabama. Enclosed is the Order from the Court of Criminal Appeals I received on this date. Unfortunately they have affirmed the conviction of the state court. Therefore, you have 14 days to file a motion for rehearing and to appeal their decision. Otherwise, you will need to turn yourself in and begin serving your sentence.

If you need any further information and would like to discuss your case situation with me, please call in advance to schedule an appointment.

Sincerely,

Larry G. Cooper

# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

| **Mailing address:** | **Physical/Street address:** |
|---|---|
| **Larry G. Cooper** | **The Auburn Bank Center** |
| **Post Office Box 1868** | **132 North Gay St. Suite # 214** |
| **Auburn, Alabama 36831-1868** | **Auburn, Alabama 36830** |
| **Phone (334) 502-0022    LarrythelawyerAL@bellsouth.net** | **Facsimile  (334) 502-0836** |

February 12, 2006

William Lee Kirby
182340-E-49
P.O. Box 56
Elmore, AL 36025

COPY

RE: Appeal Brief Copy etc. CR-01-1540

Dear Mr. Kirby:

This response is pursuant to a recent letter that I received from you and a letter from Judge Denson, Lee County Circuit Court, dated 02-08-2006, in regards to your appeal case. I have also responded to both you and your father, Joe Kirby, at your request and have in the past and again currently providing you with information in regards to your appeal case that you and he have requested on your behalf.

I have provided previously by U.S. Mail postage prepaid  both the Lee County Jail and to the Department of Corrections the following:

1.      Copy of my APPELLATE BRIEF
2.      COPY OF THE ATTORNEY GENERALS BRIEF
3.      MEMORANDUM OF THE COURT OF CRIMINAL APPEALS DECISION.

In addition, at your request and Release of Confidential Information signed and dated by you on August 12, 2002 in my office; and in a statement signed by your father, Joe Kirby, signed and dated April 28, 2003, provided you/him with possession of both Volume I and II of your criminal trial transcript as requested.

I am again mailing you through the State of Alabama Department of Corrections, a copy of 1,2, and 3 listed above. Judge Denson indicates to me in his letter dated February 08, 2006 that he has sent to you a copy of the case action summaries and that you only need the copy of the Appeal Brief and Appeal Court's decision, a copy of which I have provided to Joe Kirby, your father and mailed a copy to you and again on this date.

Otherwise, unless you have a different address, I am mailing to you all the above recent request at the address listed above.

Sincerely,

Larry G. Cooper
encl./ legal documents

# LAW OFFICE OF LARRY G. COOPER, JR.
## ATTORNEY AT LAW

**Mailing address:**
Larry G. Cooper
Post Office Box 1868
Auburn, Alabama 36831-1868
Phone (334) 502-0022

LarrythelawyerAL@bellsouth.net

**Physical/Street address:**
The Auburn Bank Center
132 North Gay St. Suite # 214
Auburn, Alabama 36830
Facsimile (334) 502-0836

May 01, 2006

William Lee Kirby
182340-E-49
P.O. Box 56
Elmore, AL 36025

COPY

RE: Appeal Brief Copy etc. CR-01-1540

Dear Mr. Kirby:

I spoke to your father, Joe Kirby, by telephone today indicating that you do not have certain legal documents. I have previously provided him with documents that you indicated that you wanted released to him. I am enclosing a copy of a letter along with the attached documents that I previously sent to you through the DOC on or around February 12, 2006 and in November 2002 after your case was decided by the Court of Criminal Appeals, in regards to your appeal case.

If you do receive the documents that you have requested please let me know. Otherwise, I told your Father he could pick up copies at my office anytime during normal business hours. If that is not correct, please let me know in writing.

Sincerely,

Larry G. Cooper

encl./ legal documents

William Lee Kirby 1923418
Box 56
Elmore, Alabama
36025

Me Lacey Cooper, Attorney At Law
Po Box 1868
Auburn, Alabama 36831



UNITED STATES POSTAGE

$ 00.370

DEC 22 2005
MAILED FROM ZIPCODE 36102

ATT: MR. LARRY COOPER; ATTORNEY AT LAW,          12-19-05

I am in the process of preparing documents seeking post-conviction relief in cases numbered CC-01-1001 thru CC-01-1003.

You were my attorney of appeal appointed thru the courts I am in need of a copy of the appeals brief which you filed and a copy of the Appellate Courts decision.

It is my understanding that I have a right to any and all documents filed and/or recieved on my behalf to and thru the courts.

I am requesting that you furnish a copy of these documents as soon as possible as they are critical in my pursuit of post conviction relief.

As this is my second request for these documents if there is any difficulty in complying with my request I ask that you show me the proffessional courtasy of notifying me and enlightening me in what procedures should be taken to obtain these documents.

sincerely,

William Lee Kirby

William Lee Kirby AIS 182340
E-4-9
PO Box 56
ELMORE, Al. 36025.

Citation                    Found Document          Rank(R) 1 of 1          Database
AL ST S 13A-6-62                                                            AL-ST-ANN
 Ala.Code 1975 s 13A-6-62

TEXT

                        CODE OF ALABAMA
                      TITLE 13A. CRIMINAL CODE.
           CHAPTER 6. OFFENSES INVOLVING DANGER TO THE PERSON.
                      ARTICLE 4. SEXUAL OFFENSES.
             Copr (C) 2002 by State of Alabama. All rights reserved.
                 Current through End of 2002 Regular Session

s 13A-6-62. Rape in the second degree.   *See 1/1 degree not 2nd*

 (a) A person commits the crime of rape in the second degree if:
  (1) Being 16 years old or older, he or she engages in sexual intercourse with
a member of the opposite sex less than 16 and more than 12 years old;
provided, however, the actor is at least two years older than the member of
the opposite sex.
  (2) He or she engages in sexual intercourse with a member of the opposite sex
who is incapable of consent by reason of being mentally defective.
 (b) Rape in the second degree is a Class B felony.

CREDIT

(Acts 1977, No. 607, p. 812, s 2311;  Acts 1979, No. 79-471, p. 862, s
1;  Acts 1987, No. 87-607, p. 1056, s 2;  Act 2000-726, p. 1557, s 1.)

        <General Materials (GM) - References, Annotations, or Tables>

HISTORICAL NOTES -- ss 13A-6-61 AND 13A-6-62 COMMENTARY

                ss 13A-6-61 AND 13A-6-62 COMMENTARY

   Section 13A-6-61(a)(1) continues Alabama law and includes the common-law
definition of rape as "the unlawful carnal knowledge of a woman forcibly
and without her consent."  Owens v. State, 29 Ala. App. 53, 191 So. 899
(1939)
   Section 13A-6-61(a)(2) expands the definition of rape to include sexual
intercourse with a female who is unconscious or for any other reason is
physically unable to communicate unwillingness to the act.  Under the
common law, the forcible compulsion required was such as to overcome the
resistance of a nonconsenting woman.  Under the Criminal Code, the act,
carnal knowledge of an unwilling female, is essentially the same, but the

              Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works



# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**



RELEASED
NOV 1 5 2002
CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-01-1540      Lee Circuit Court CC-01-1001, CC-01-1002, and
CC-01-1003

### William Lee Kirby v. State of Alabama

Baschab, Judge.

The appellant was convicted of one count of first-degree sodomy of L.M. (case number CC-01-1001), a violation of §13A-6-63(a)(3), Ala. Code 1975; one count of first-degree sodomy of A.M. (case number CC-01-1002), a violation of §13A-6-63(a)(3), Ala. Code 1975; and one count of first-degree rape of A.M. (case number CC-01-1003), a violation of §13A-6-61(a)(3), Ala. Code 1975.[1] The trial court sentenced him, as a habitual offender, to serve concurrent terms of sixteen years in prison on each conviction. See §13A-5-9, Ala. Code 1975. The appellant did not file any post-trial motions. This appeal followed.

---

[1] The appellant was also indicted for one count of first-degree rape of L.M. However, the jury acquitted him of that charge.

I.

The appellant argues that the trial court erroneously consolidated the indictments involving L.M. with the indictments involving A.M. for trial. However, he did not object to the consolidation of the cases for trial, and he did not move to sever the trial of the cases. In fact, the case action summary sheets indicate that the cases were "consolidated by agreement." (C.R. 2, 70, 78.) Therefore, this issue is not properly before this court. See Walker v. State, 594 So. 2d 722 (Ala. Crim. App. 1991).

II.

The appellant also argues that the trial court erroneously admitted into evidence the victims' out-of-court statements pursuant to §15-22-32, Ala. Code 1975. Specifically, he contends that the victims were not unavailable and that the record does not indicate that the trial court considered all of the factors set forth in §15-25-37, Ala. Code 1975, when it evaluated the trustworthiness of the victims' out-of-court statements. However, the appellant did not raise these arguments during the pre-trial hearing on the admissibility of the statements or when the State presented testimony regarding those statements. Therefore, he did not preserve them for our review. See Minnis v. State, 690 So. 2d 521 (Ala. Crim. App. 1996).

For the above-stated reasons, we affirm the trial court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

2

# THE STATE OF ALABAMA— JUDICIAL DEPARTMENT
# THE COURT OF CRIMINAL APPEALS

## CERTIFICATE OF JUDGMENT

**Criminal Appeals Case**          **CR-01-1540**

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).

Whereas, the appeal in the above cause having been duly submitted and considered, it is now hereby certified that on the 15th day of November, 2002, the judgment of the court below was affirmed.

Witness, Lane W. Mann, Clerk,
Court of Criminal Appeals, this
3rd day of December, 2002

*[signature]*

Clerk
Court of Criminal Appeals
State of Alabama

**STATE OF ALABAMA**    )
                                )

**COUNTY OF LEE**        )

Dated on this the _28th_ April, 2003

At the request of my son, William Lee Kirby, in a letter dated 4/10/03 to his former Attorney

Larry G. Cooper , I,  JOE KIRBY, father of William Lee Kirby, HEREBY take possession of

Volume I & II of his criminal trial transcript for Case No.'s CC-01-1001 thru 1003. I will return

the transcript to Attorney Cooper's office after I am through with it, but in no less than 90 days.

_____
Joe Kirby

_____
Witness

## IN THE COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**WILLIAM LEE KIRBY**
**Appellant**

**VS.**

CASE # CR-2001-1540

**STATE OF ALABAMA,**
      **Appellee**

## MOTION FOR SEVEN DAY EXTENSION OF TIME

COMES NOW the Appellant by and through his attorney, Larry G. Cooper, in the above styled case and respectfully requests this Honorable Court to grant the following relief:

1. That pursuant to Alabama Rules of Appellate Procedure Rule 31 (d), Appellant request for one seven day extension of time for filing of said brief. The aforementioned brief is due to be filed on or about September 3rd, 2002.

2. That due to the extreme length of the trial transcript (two volumes) and the number of witnesses at trial and the complex issues not mentioned herein which might tend to prejudice Appellants case, the Appellant needs an extension on preparation for his appeal brief.

WHEREFORE the premises considered, Appellant requests that this Honorable Court grant the Motion For Seven Day Extension, with said brief to be filed no later than September 10, 2002.

Respectfully submitted this the __30th__ day of August, 2002.

_Larry Cooper_
Larry Cooper
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion for Seven Day Extension upon the Honorable Bill Pryor, Attorney General, Attention Criminal Appeals, by placing a copy of the same in the U.S. Mail properly addressed and postage pre-paid to 11 South Union Street Suite #310 Montgomery, AL 36130.

Dated this the _30th_ day of August 2002.

Larry Cooper, Attorney at Law
P.O. Box 1868
Auburn, AL. 36831-1868
(334)502-0022
Attorney for Appellant

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

February 6, 2006

**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Sonja McKnight**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

Mr. William Lee Kirby
AIS# 182340
P. O. Box 56
Elmore, AL 36025

Re:    CR-01-1540
       <u>William Lee Kirby v. State</u>

Dear Mr. Kirby:

This is in response to your letter and motion, requesting this Court to order Mr. Larry Cooper, Jr. to provide you copies of the case action summary, your appeal brief and any appellate court decisions in the above-referenced case. Please be advised that because you have no case pending with this Court at the present time, I am, by copy of this letter, requesting that Mr. Cooper provide you copies of the items requested if he has not already done so.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/cc

cc:    Larry G. Cooper, Jr., Esq.
       P. O. Box 1868
       Auburn, AL  368311868

```
                           ALABAMA DEPARTMENT OF CORRECTIONS          INST:   241
CBR716                     INMATE SUMMARY AS OF 05/01/2002            CODE: CRSUM
```

********************************************************************************

AIS: 0018234OS    INMATE: KIRBY, WILLIAM LEE              RACE: W   SEX: M

INSTITUTION: 241 - LEE                                  JAIL CR: 00Y00M00D

DOB: 06/24/1976    SSN: 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      PREVIOUS AIS: P0115015

ALIAS: KIRBY, LEE                          ALIAS:

ADM DT: 04/11/2002 DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-9   CURRENT CUST DT: 04/11/2002  PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS IV       CURRENT CLASS DATE:   04/11/2002
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

```
COUNTY      SENT DT  CASE NO  CRIME                 JL-CR      TERM
LEE         04/11/02 N01001001 SODOMY I             0135D 015Y 00M 00D CS
            COURT COSTS  : $0000354   FINES : $0000000  RESTITUTION : $0000050
LEE         04/11/02 N01001002 SODOMY I             00000 016Y 00M 00D CC
            COURT COSTS  : $0000402   FINES : $0000000  RESTITUTION : $0000050
LEE         04/11/02 N01001003 RAPE I               00000 016Y 00M 00D CC
            COURT COSTS  : $0000290   FINES : $0000000  RESTITUTION : $0000050

  TOTAL TERM      MIN REL DT     GOOD TIME BAL    GOOD TIME REV   LONG DATE
  016Y 00M 00D    04/10/2018     000Y 00M 00D     000Y 00M 00D    04/10/2018
```

INMATE LITERAL:
********************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

********************************************************************************

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

********************************************************************************

DISCIPLINARY/CITATION SUMMARY


                           CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 05/01/2002

INST:    241
CODE: CRSUM

**************************    CONTINUATION    ****************************

IS: 00182340S    INMATE: KIRBY, WILLIAM LEE

RACE: W  SEX: M

****************************************************************************

DISCIPLINARY/CITATION SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

FOR EDUCATIONAL USE ONLY                    **Page**    1

Citation                Found Document        Rank(R) 1 of 1        Database
AL ST S 13A-6-63                                                    AL-ST-ANN
 Ala.Code 1975 s 13A-6-63

TEXT

CODE OF ALABAMA
TITLE 13A. CRIMINAL CODE.
CHAPTER 6. OFFENSES INVOLVING DANGER TO THE PERSON.
ARTICLE 4. SEXUAL OFFENSES.
Copr (C) 2002 by State of Alabama. All rights reserved.
Current through End of 2002 Regular Session

s 13A-6-63. Sodomy in the first degree.

(a) A person commits the crime of sodomy in the first degree if:
 (1) He engages in deviate sexual intercourse with another person by forcible
compulsion; or
 (2) He engages in deviate sexual intercourse with a person who is incapable
of consent by reason of being physically helpless or mentally incapacitated;
or
 (3) He, being 16 years old or older, engages in deviate sexual intercourse
with a person who is less than 12 years old.
 (b) Sodomy in the first degree is a Class A felony.

CREDIT

(Acts 1977, No. 607, p. 812, s 2315.)

<General Materials (GM) - References, Annotations, or Tables>

REFERENCES -- CROSS REFERENCES

CROSS REFERENCES

As to consent generally, see s 13A-2-7.
See Commentary following s 13A-6-64.
As to lack of consent as element of sodomy, see s 13A-6-70.
REFERENCES -- RESEARCH REFERENCES

RESEARCH REFERENCES

 81 C.J.S. Sodomy, ss 1-8.

 70A Am. Jur. 2d, Sodomy, ss 1-5, 16-43, 45-53, 58,59,
62, 64, 70-75, 77, 79, 80, 82, 83, 86, 87,
89-91, 97, 100, 101.

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works



FOR EDUCATIONAL USE ONLY

**Page    1**

| Citation | Found Document | Rank(R) 1 of 1 | Database |
|---|---|---|---|
| 523 So.2d 504 | | | AL-CS |
| < KeyCite Yellow Flag > | | | |

--- Page 1 ---

**(Cite as: 523 So.2d 504)**

Court of Criminal Appeals of Alabama.
Samuel James NICKERSON
v.
STATE.
6 Div. 634.
May 26, 1987.
Rehearing Denied June 30, 1987.
On Return to Remand April 12, 1988.

Defendant was convicted in the Circuit Court, Jefferson County, William H. Cole, J., of two counts of robbery, and he appealed.   The Court of Criminal Appeals, Bowen, P.J., held that: (1) defendant was entitled to remand to determine whether facts established prima facie case of purposeful discrimination in selection of jury; (2) robbery indictments were properly consolidated for trial; but, on return to remand; held that (3) prosecutor failed to come forward with race neutral reasons for peremptory strikes, entitling defendant to a new trial.

Cause remanded, and appeal dismissed.

West Headnotes

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works



FOR EDUCATIONAL USE ONLY                                     **Page   1**

| | | | |
|---|---|---|---|
| Citation | Found Document | Rank(R) 1 of 1 | Database |
| 31 A.L.R.4th 120 (1984) | | | ALR |
| 31 A.L.R.4th 120 | | | |
| < KeyCite Citations > | | | |

_____ Page 80 _____

**(Publication page references are not available for this document.)**

[a]  View that corroboration is not necessary

In each of the following cases involving a prosecution for forcible rape, the courts held or recognized that, as a general rule, corroboration of the victim's testimony is not a necessary condition to a conviction for rape where the victim's testimony is credible, or clear and convincing, or sufficient to prove the elements of the offense beyond a reasonable doubt.

Ala--Williams v State (1973) 51 Ala App 1, 282 So 2d 349, cert den 291 Ala 803, 282 So 2d 355; Jemison v State (1975) 56 Ala App 6, 318 So 2d 746; Smith v State (1975) 57 Ala App 164, 326 So 2d 692, cert den 295 Ala 419, 326 So 2d 695; Williams v State (1976, Ala App) 335 So 2d 249; Daniels v State (1977, Ala App) 343 So 2d 566; Smith v State (1978, Ala App) 368 So 2d 298, cert quashed (Ala) 368 So 2d 305; Watwood v State (1980, Ala App) 389 So 2d 549, cert den (Ala) 389 So 2d 552; Lockett v State (1987, Ala App) 518 So 2d 877; Garrett v State (1991, Ala App) 580 So 2d 58; Barnes v State (1991, Ala App) 580 So 2d 77; Smith v State (1992, Ala App) 604 So 2d 434; Sartin v State (1992, Ala App) 615 So 2d 135; Coats v State (1992, Ala App) 615 So 2d 1260; Williams v State (1988, Ala App) 535 So2d 225.

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works



FOR EDUCATIONAL USE ONLY

**Page  1**

Found Document        Rank(R)  1 of 1        Database
AL-RULES

Citation
AL R RCRP Rule 13.3
Rules Crim.Proc., Rule 13.3

WEST'S ALABAMA RULES OF COURT
ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 13. CHARGES:  INDICTMENT, INFORMATION, AND COMPLAINT
Copr. (C) West Group 2002. All rights reserved.
Current with amendments received through 5-1-2002.

RULE 13.3 JOINDER AND CONSOLIDATION FOR TRIAL

(a) Offenses.  Two or more offenses may be joined in an indictment,
information, or complaint, if they:
(1) Are of the same or similar character;  or
(2) Are based on the same conduct or are otherwise connected in their
commission;  or
(3) Are alleged to have been part of a common scheme or plan.

Two or more offenses shall not be joined in the same count.  Felonies and
misdemeanors may be joined in separate counts of the same indictment or
information.
(b) Defendants.  Two or more defendants may be charged in the same
indictment, information, or complaint
(1) If they are alleged to have participated in the same act or transaction;
or
(2) When the several offenses are part of a common conspiracy, scheme, or
plan;  or
(3) When the several offenses are otherwise so closely connected that it
would be difficult to separate proof of one from proof of the other.

Such defendants may be charged in one or more counts together or separately,
and all of the defendants need not be charged in each count.
(c) Consolidation.  If offenses or defendants are charged in separate
indictments, informations, or complaints, the court on its own initiative or on
motion of either party may order that the charges be tried together or that the
defendants be joined for the purposes of trial if the offenses or the
defendants, as the case may be, could have been joined in a single indictment,
information, or complaint.  Proceedings thereafter shall be the same as if the
prosecution initially were under a single indictment, information, or
complaint.  However, the court shall not order that the offenses or the
defendants, as the case may be, be tried together without first providing the
defendant or defendants and the prosecutor an opportunity to be heard.
(d) Trial.  Offenses and defendants joined in the same indictment,
information, or complaint shall be jointly tried unless severed as provided in
Rule 13.4.  The fact that offenses are jointly tried shall not affect the
court's power to sentence the defendant separately for each offense of which
the defendant is convicted;  nor shall it affect the court's power to provide
that sentences shall run concurrently or consecutively, just as if the
defendant had been tried separately for each offense.

Committee Comments

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works



FOR EDUCATIONAL USE ONLY                                    **Page      2**

AL R RCRP Rule 13.3

 Rule 13.3(a) is based on Rule 8(a), Fed.R.Crim.P., and ABA, Standards for Criminal Justice, Joinder and Severance 13-2.1 (2d ed. 1986).  The first sentence allows for joinder of offenses in separate counts of the same indictment.

 Because Rule 13.3(a) states the three (3) bases for joinder of offenses in the alternative, it makes clear that offenses joined need not stem from the same transaction.

 The second sentence of Rule 13.3(a) prohibits joinder of offenses in the same count of an indictment.  This rule supersedes Ala.Code 1975, s 15-8-52, which states, "When offenses are of the same character and subject to the same punishment, the defendant may be charged in an indictment with the commission of either in the same count in the alternative."  There is no apparent necessity for alternative pleading in the same count where such pleading can be done as effectively in separate counts, and it avoids the complicated technical problems involved in requiring the state to elect the offense for which it desires to try the defendant.  This rule is not intended to change Ala.Code 1975, s 15-8-50, providing for allegations in the alternative in the same count where the offense may be committed by different means or with different intents.

 The last sentence of Rule 13.3(a) allows misdemeanors and felonies to be joined in the same indictment.  This rule changes prior case law.  In Brandies v. State, 44 Ala.App. 648, 649, 219 So.2d 404, 405 (1968), cert. denied, 283 Ala. 712, 219 So.2d 409 (1969), the court stated, "It is axiomatic under our cases that felonies and misdemeanors are not to be joined in the same indictment, let alone in the same count."  When the other requirements of the rule are met, there is no reason to require the state to go to the expense and effort of trying the defendant on different indictments.  Moreover, even if charged in separate indictments, they could be consolidated for trial under section (c).

 Comments to the ABA Standards for Criminal Justice, supra, emphasize that the standard provides the outer limits of permissible joinder of offenses. It does not follow that a joint trial on all the charges is always desirable.  The prosecutor should have leeway not to join offenses, and the defendant should have a right to severance under appropriate circumstances.

 Rule 13.3(b) is based on Rule 8(b), Fed.R.Crim.P., and ABA, Standards for Criminal Justice, Joinder and Severance, 13-2.2 (2d ed. 1986).  The second sentence of the rule is taken from Rule 8(b), Fed.R.Crim.P.

 Section 13.3(c) allows consolidation of offenses where joinder would have been proper in the initial instance, taking into consideration the factors which would require severance under Rule 13.4.

 Section (d) states the obvious result of joinder and should be read in conjunction with Rule 13.4.

 Additional jurors required for the trial of two or more defendants are provided pursuant to Rule 18.4(f)(2).

Rules Crim. Proc., Rule 13.3
AL R RCRP Rule 13.3
END OF DOCUMENT

          Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works



FOR EDUCATIONAL USE ONLY **Page    1**

Citation                        Found Document        Rank(R) 1 of 1            Database
AL R RCRP Rule 13.3                                                             AL-RULES
 Rules Crim.Proc., Rule 13.3

WEST'S ALABAMA RULES OF COURT
ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 13. CHARGES:  INDICTMENT, INFORMATION, AND COMPLAINT
Copr. (C) West Group 2002. All rights reserved.
Current with amendments received through 5-1-2002.

RULE 13.3 JOINDER AND CONSOLIDATION FOR TRIAL

   (a) Offenses.  Two or more offenses may be joined in an indictment,
information, or complaint, if they:
   (1) Are of the same or similar character;  or
   (2) Are based on the same conduct or are otherwise connected in their
commission;  or
   (3) Are alleged to have been part of a common scheme or plan.

Two or more offenses shall not be joined in the same count.  Felonies and
misdemeanors may be joined in separate counts of the same indictment or
information.
   (b) Defendants.  Two or more defendants may be charged in the same
indictment, information, or complaint
   (1) If they are alleged to have participated in the same act or transaction;
or
   (2) When the several offenses are part of a common conspiracy, scheme, or
plan;  or
   (3) When the several offenses are otherwise so closely connected that it
would be difficult to separate proof of one from proof of the other.

Such defendants may be charged in one or more counts together or separately,
and all of the defendants need not be charged in each count.
   (c) Consolidation.  If offenses or defendants are charged in separate
indictments, informations, or complaints, the court on its own initiative or on
motion of either party may order that the charges be tried together or that the
defendants be joined for the purposes of trial if the offenses or the
defendants, as the case may be, could have been joined in a single indictment,
information, or complaint.  Proceedings thereafter shall be the same as if the
prosecution initially were under a single indictment, information, or
complaint.  However, the court shall not order that the offenses or the
defendants, as the case may be, be tried together without first providing the
defendant or defendants and the prosecutor an opportunity to be heard.
   (d) Trial.  Offenses and defendants joined in the same indictment,
information, or complaint shall be jointly tried unless severed as provided in
Rule 13.4.  The fact that offenses are jointly tried shall not affect the
court's power to sentence the defendant separately for each offense of which
the defendant is convicted;  nor shall it affect the court's power to provide
that sentences shall run concurrently or consecutively, just as if the
defendant had been tried separately for each offense.

Committee Comments

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works





FOR EDUCATIONAL USE ONLY                                                     **Page    2**

AL R RCRP Rule 13.3

Rule 13.3(a) is based on Rule 8(a), Fed.R.Crim.P., and ABA, Standards for Criminal Justice, Joinder and Severance 13-2.1 (2d ed. 1986). The first sentence allows for joinder of offenses in separate counts of the same indictment.

Because Rule 13.3(a) states the three (3) bases for joinder of offenses in the alternative, it makes clear that offenses joined need not stem from the same transaction.

The second sentence of Rule 13.3(a) prohibits joinder of offenses in the same count of an indictment. This rule supersedes Ala.Code 1975, s 15-8-52, which states, "When offenses are of the same character and subject to the same punishment, the defendant may be charged in an indictment with the commission of either in the same count in the alternative." There is no apparent necessity for alternative pleading in the same count where such pleading can be done as effectively in separate counts, and it avoids the complicated technical problems involved in requiring the state to elect the offense for which it desires to try the defendant. This rule is not intended to change Ala.Code 1975, s 15-8-50, providing for allegations in the alternative in the same count where the offense may be committed by different means or with different intents.

The last sentence of Rule 13.3(a) allows misdemeanors and felonies to be joined in the same indictment. This rule changes prior case law. In Brandies v. State, 44 Ala.App. 648, 649, 219 So.2d 404, 405 (1968), cert. denied, 283 Ala. 712, 219 So.2d 409 (1969), the court stated, "It is axiomatic under our cases that felonies and misdemeanors are not to be joined in the same indictment, let alone in the same count." When the other requirements of the rule are met, there is no reason to require the state to go to the expense and effort of trying the defendant on different indictments. Moreover, even if charged in separate indictments, they could be consolidated for trial under section (c).

Comments to the ABA Standards for Criminal Justice, supra, emphasize that the standard provides the outer limits of permissible joinder of offenses. It does not follow that a joint trial on all the charges is always desirable. The prosecutor should have leeway not to join offenses, and the defendant should have a right to severance under appropriate circumstances.

Rule 13.3(b) is based on Rule 8(b), Fed.R.Crim.P., and ABA, Standards for Criminal Justice, Joinder and Severance, 13-2.2 (2d ed. 1986). The second sentence of the rule is taken from Rule 8(b), Fed.R.Crim.P.

Section 13.3(c) allows consolidation of offenses where joinder would have been proper in the initial instance, taking into consideration the factors which would require severance under Rule 13.4.

Section (d) states the obvious result of joinder and should be read in conjunction with Rule 13.4.

Additional jurors required for the trial of two or more defendants are provided pursuant to Rule 18.4(f)(2).

Rules Crim. Proc., Rule 13.3
AL R RCRP Rule 13.3
END OF DOCUMENT

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works



| State of Alabama<br>Unified Judicial System<br><br>Form C-62A   Rev. 7/2000 | **ATTORNEY'S FEE DECLARATION**<br>(Adult)<br>[For Work Performed On or After 10/1/2000] | County<br>Code<br>4 1 | Case Number<br>CR 2001 01540 co<br>Jurisdiction  Year   Case#   Suffix |
|---|---|---|---|

**Mark Appropriate Court:**

- ☐ Circuit Court of _____ County
- ☐ District Court of _____ County
- ☐ Municipal Court of _____
- ☑ Alabama Court of Criminal Appeals
- ☐ Alabama Court of Civil Appeals
- ☐ Supreme Court of Alabama

**Indicate If Original Charge is:**
Capital Case (or charge carrying sentence of life without parole)
- Class A Felony
- Class B Felony
- Class C Felony
- Other
- Appeal
- Petition for Writ of Certiorari
- Post-Conviction/Habeas Corpus

**Limits**
- ☐ (No Limit) CC
- ☐ ($3,500) FA
- ☐ ($2,500) FB
- ☐ ($1,500) FC
- ☐ ($1,000) OT
- ☑ ($2,000) AP
- ☐ ($2,000) WC
- ☐ ($1,000) PC

**Attorney Name (Please type or print)**
Larry G. Cooper, Jr.
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
Social Security Number or FEIN

**STYLE OF CASE:** ☑ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. William Lee Kirby
_____ Defendant

**CHARGE:** Sodomy 1st (2 counts) Rape (1 count)

Companion case numbers and charges or convictions: CR-01-1540

---

The undersigned attorney declares that on (date) 4-25-02 , the Honorable Robert M. Harper
_____, Judge, appointed the undersigned to represent the above-named defendant or appellant, and on (date) 11-15-02
the case was heard by the Honorable Court of Criminal Appeals , Judge. The case was disposed of by
Affirmed
*(Plea of guilty, conviction, acquittal, affirmance, reversal, cert. denied)*

(1) In-Court Appearance (Trial Level or Post-Conviction Proceeding)  Total Hours _____ x $60.00 per hour = _____
(2) Out-of-Court Preparation (Trial Level or Post-Conviction Proceeding)  Total Hours _____ x $40.00 per hour = _____
(3) Preparation (Appellate Level)  Total Hours 22.65 x $60.00 per hour = 1,359.00
(4) Extraordinary Expenses (If approved in advance by court)
(5) Overhead Expenses (If approved in advance by court)  Total Hours 19.55 x $25 Per hour = 488.75
TOTAL CLAIM OF ATTORNEY  1,847.75

**NOTICE TO ATTORNEY:**  Complete this form. Attach a copy of a complete itemization of (1) in-court appearances; (2) out-of-court preparation; (3) preparation for appeals; (4) extraordinary expenses; and/or (5) overhead expenses reflecting the date of actions and amount of time involved in each activity. Make a copy of same for the court's record and a copy for your records.

---

The undersigned attorney further declares that the above claim is true and correct and represents the services actually rendered by him/her as an attorney and the amount is due and payable. I further declare that the above claim is not a duplication of charges and expenses in any case (companion or otherwise).

Signature of Attorney _____
Attorney Code C00-04B

Sworn to and subscribed before me this _____
day of _____, 2002

_____
Notary Public

Mailing Address of Attorney
*(please type or print) (including city, state, and zip code)*
Larry G. Cooper, Jr.
P.O. Box 1868
Auburn, AL 36831-1868
Telephone Number 334-502-0022  Fax Number 334-502-0836

I, the undersigned judge, hereby certify that the foregoing claim has been presented to me, and I have reviewed the same and believe the same to be true and correct. I am further of the opinion that said attorney is not duplicating said charges and expenses in any case (companion or otherwise).

Based on the above, I hereby approve the declaration and claim in the amount of $ _____

Done this _____ day of _____, _____

_____
Judge's Signature

**NOTICE TO ATTORNEY AND JUDGE:** Sections 15-12-21 through 15-12-23, *Code of Alabama* 1975, provide for the payment of attorney fees and extraordinary expenses incurred by counsel appointed to represent indigent defendants at the trial level, on appeal (including petition for writ of certiorari to the Alabama Supreme Court) and in post-conviction proceedings.

THIS FORM MUST CONTAIN ORIGINAL SIGNATURES OF THE ATTORNEY AND THE JUDGE. THIS FORM WITH ATTACHED ITEMIZATION MUST BE SUBMITTED TO THE TRIAL COURT JUDGE OR PRESIDING JUDGE OR CHIEF JUSTICE OF THE APPELLATE COURT FOR APPROVAL. AFTER APPROVAL, FILE WITH THE CLERK, WHO SHALL SUBMIT THE ORIGINAL DECLARATION TO THE STATE COMPTROLLER (EXCEPT IN MUNICIPAL CASES) FOR AUDIT.

Filed in the Clerk's Office at _____, Alabama, on _____
date

EXCEPT IN MUNICIPAL CASES, MAIL TO: State Comptroller, Indigent Defense Section, P. O. BOX 302602, Montgomery, Alabama 36130-2602

Original: Comptroller          Yellow: Court File          Pink: Attorney

## REQUEST FOR REIMBURSEMENT FOR OFFICE OVERHEAD EXPENSES

Pursuant to Section 15-12-22(d), Code of Alabama 1975, and this Court's holding in May v. State, 672 So.2d 1307 (Ala. Crim. App. 1993), cert. denied, 672 So.2d 1310 (Ala. 1995), this Court may preapprove expenses associated with office overhead in connection with work on this appeal. All requests for such approval must include the specific hourly rate for office overhead expenses applicable to the operation of the law practice of the requesting attorney or the request will not be approved. In addition, all requests for office overhead expenses should include a rough estimate of the total number of hours that are expected to be spent working on the appeal following court approval. See Ex parte Barksdale, 680 So.2d 1029 (Ala. Crim. App. 1996).

> Note: *The Court of Criminal Appeals will not approve any request for office overhead expenses at a rate exceeding $35.00 per hour and, except in direct appeals of convictions wherein the appellant was sentenced to death, will not approve any request for officer overhead expenses in excess of $875.00. This cap does not apply to capital cases where the death penalty has been imposed.*

## IN THE COURT OF CRIMINAL APPEALS

**TO BE COMPLETED BY ATTORNEY**

Criminal Appeals No.

CR- _01 - 1540_

**FILED**

**JUN - 4 2002**

CLERK
ALA COURT CRIMINAL APPEALS

Date submitted: _5/13/02_

Name of appellant: _William Lee_

vs. ☑ State of Alabama  ☐ Municipality of _____

Appeal from _____ _Lee_ _____ County    CC# _01 - 1001_

☑ Circuit Court         ☐ District Court         ☐ Juvenile Court

Type of case or conviction: _Criminal - Sodomy 1st_    Sentence: _16 years_

Attorney Name: _Larry G. Cooper_    Phone No. _334-502-0022_

Address: _P.O. Box 1868_

_Auburn, AL  36831-1868_

I, _Larry G. Cooper_ , having been appointed to represent the appellant in the above-styled case, do hereby request advance approval from the Court of Criminal Appeals for reimbursement of the pro rata share of office overhead expenses attributable to this appeal following approval of this request. In making this request, I hereby certify to the Court that the current rate for office overhead in the operation of my law practice is $ _25.00_ per hour. Please be advised that I estimate that it will take approximately _22_ hours to complete all appellate work before this court.

_Larry G. Cooper_
Signature of Attorney

---

Reimbursement of office overhead expenses for the above-named attorney is hereby approved at the rate of $ _25_ per hour.

_6-4-02_
Date approved

_[signature]_
Presiding Judge
Alabama Court of Criminal Appeals

**Rev. 1/2001**

**Larry G. Cooper, Jr.**
**Attorney at Law**
P. O. Box 1868
Auburn, AL 36831-1868

Page 1 of 3

| Client/Defendant | Kirby, William Lee | Court/Judge | Criminal Appeals Court |
|---|---|---|---|
| Case # | CR-01-1540 | Date Appointed | 4-23-2002 |
| Charges | Sodomy 1st 2 counts | Date Closed | 11-15-02 |
| | Rape 1st 2 counts | Disposition | Affirmed |

| Date | Task | In Court Time | Out Court Time | Expenses |
|---|---|---|---|---|
| 4-25-02 | Received Notice of Appt. | | .25 | |
| " | Open + set up case File | | | |
| 4-25-02 | Review Notice of Appeal + | | .20 | |
| " | clockering statements - Action Summary Case | | | |
| 5-13-02 | Prepare + File Reporter's | | .15 | |
| " | Transcript Order | | | |
| 5-14-02 | Travel to/from Lee County Jail | | .50 | |
| 5-14-02 | Initial Conference w/ Client | | 1.0 | |
| " | 9:00am to 10:00am | | | |
| 5-21-02 | Office Appt. w/ witness/Step-Father | | 1.0 | |
| " | 3-4pm | | | |
| 6-12-02 | Mot. For Appeal Bond | | 1.0 | |
| " | Draft + File with clerk | | | |
| 6-17-02 | Order granting appeal bond from Judge | | .10 | |
| 8-05-02 | Order from Clerk- brief due | | .15 | |
| 8-05-02 | Recem, file copy of Transcript | | .25 | |
| 8-12-02 | Client office Appt. - sign release | | .75 | |
| 8-12-02 | Receive copy of trial transcript | | .20 | |
| " | From Court reporter- Reviewed | | | |
| 8-18-02 | Tlc to Client re transcript | | .10 | |
| 8-20-02 | Read Volume I of transcript | | 3.0 | |
| " | highlight + notes made | | | |
| 8-22-01 | Read Volume II of transcript- | | 2.0 | |
| " | highlight + notes made | | | |
| 8-23-02 | Research Westlaw on Appeal issues | | 1.25 | |

**Larry G. Cooper, Jr.**
**Attorney at Law**
P. O. Box 1868
**Auburn, AL 36831-1868**

Page 2 of 3

Client/Defendant  Kirby, William Lee

Case #  CR-01-1540

Charges  Sodomy 1st 2 counts
Rape 1st 1 count

Court/Judge  Criminal Appeals Court

Date Appointed  4-23-02

Date Closed  11-15-02

Disposition  Affirmed

| Date | Task | In Court Time | Out Court Time | Expenses |
|------|------|---------------|----------------|----------|
| 8-23-02 | Additional research- Criminal | | .50 | |
| " | Code- statutory law | | | |
| 8-30-02 | Motion for 7 Day extension | | | |
| " | of time. | | | |
| 8-30-02 | Rough Draft- Prepared for | | 4.40 | |
| " | Appellant Brief | | | |
| 9-03-02 | Notice from clerk- Re. | | .10 | |
| " | Granting 7 Day ext. of time | | | |
| 9-09-02 | Draft and Prepare Final | | 1.0 | |
| " | Draft of Appellant Brief | | | |
| 9-10-02 | Copy's made of brief - | | 1.0 | |
| " | deliver certified mail to U.S. | | | |
| " | post office | | | |
| 9-10-02 | Mail copy to Atty General | | .25 | |
| 9-10-02 | Draft + prepare letter to | | .30 | |
| " | client - mail copy of brief/ appeal | | | |
| 9-17-02 | Office Appt. w/ client review | | 1.0 | |
| " | brief + transcript | | | |
| 10-01-02 | Motion from Appelle to | | .25 | |
| " | Extend time to file brief- no obj. | | | |
| 10-01-02 | Order Granting Appellee Add time | | .10 | |
| 10-04-02 | Clerk's notice- Appellee's brief | | .10 | |
| " | filed | | | |
| 10-11-02 | Received, read, filed copy of | | .75 | |
| " | Appellee's brief | | | |

**Larry G. Cooper, Jr.**
**Attorney at Law**
P. O. Box 1868
Auburn, AL 36831-1868

Page _3_ of _3_

| | | | |
|---|---|---|---|
| Client/Defendant | Kirby, William Lee | Court/Judge | Criminal Appeals |
| Case # | CR-01- 1540 | Date Appointed | 4-23-02 |
| Charges | Sodomy 1st | Date Closed | 11-15-02 |
| | Rape 1st | Disposition | Affirmed |

| Date | Task | In Court Time | Out Court Time | Expenses |
|---|---|---|---|---|
| 10-11-02 | T/C to client Re: Appellee | | .25 | |
| " | Brief | | | |
| 11-14-02 | Read, received file Court | | .30 | |
| " | of CR-Appeals order | | | |
| 11-15-02 | Copy Order and mail to | | .20 | |
| " | client | | | |
| 11-15-02 | Close File to submit Fee | | .25 | |
| | | | | |
| | | | | |
| | Total time Out of Court | 22.65 | X $60.00 = | 1,359.00 |
| | Overhead Comp. Order | 19.55 | X $25.00 = | 488.75 |
| | | | | |
| | Total | Fee ⇒ | $ 1,847. | 75 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,

V.                                    :CASE NO. CC-2001-1001thru 1003

WILLIAM LEE KIRBY,
      Defendant.

F I L E D
JUN 1 2 2002
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## MOTION TO SET AN APPEAL BOND FOR DEFENDANT

COMES NOW, WILLIAM LEE KIRBY, Defendant, by and through his attorney of record in the above styled case and moves this court to consider his application for an Appeal Bond . As grounds therefore, Defendant shows as follows:

1.      Defendant is currently being held at the Lee County Jail with no bond.

2.      Defendant was found guilty on or about December 14, 2001, denied probation and sentenced on February 28, 2002 and is currently in the Lee County Jail.

3.      Defendant filed for an appeal on or about April 18, 2002.

4.      The alleged victim in the case lives out of state and Defendant lives locally. Defendant has been incarcerated for approximately six months at the time of the filing of this motion.

Wherefore, these premises considered, Defendant hereby requests that this Honorable Court consider setting a reasonable Appeal Bond in this matter for the Defendant.

Respectfully submitted,

Larry G. Cooper
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion to Set Appeal Bond upon Hon. Nick Abbett, Lee County District Attorney, by placing an exact copy of the same in his box maintained by the Clerk for him at the Lee County Justice Center.

Dated this the 12th day of   JUNE   , 2002.

Larry G. Cooper
Attorney for Defendant

Larry G. Cooper
Attorney for Defendant
P.O. Box 1868
Auburn, AL. 36831-1868
334-502-0022

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,         *

                          *

v.                        *     CASE NO. CC 01-001, 002, 003

                          *

WILLIAM LEE KIRBY,      *

                          *

     Defendant,         *

## <u>ORDER</u>

    The MOTION TO SET APPEAL BOND FOR DEFENDANT is GRANTED.  Appeal bond is set in the amount of $20,000.00.

    Done and ordered this 17th day of June, 2002.

                                  _____

                                 Robert M. Harper

                                 Circuit Judge

Copy to:

    Nick Abbett

    Larry G. Cooper



FILED

JUN 17 2002

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

**H. W. "Bucky" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

October 1st, 2002

**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: **CR-01-1540**

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001;
CC01-1002; CC01-1003).

        You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

        Additional time is granted to file the appellee's brief to and including
10/08/2002.

LWM/sh

Lane W. Mann, Clerk
Court of Criminal Appeals

cc: Honorable Jean A. Therkelsen, Asst. Atty. Gen., Appellee
        Honorable Larry G. Cooper, Jr., Attorney, Appellant

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

October 4th, 2002

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-01-1540

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).

    You are hereby notified that the following action was taken in the above cause by the Court of Criminal Appeals:

    Appellee's Brief Filed.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/wki

cc: Honorable Jean A. Therkelsen, Asst. Atty. Gen., Appellee
    Honorable Larry G. Cooper, Jr., Attorney, Appellant

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP 13 | CERTIFICATE OF COMPLETION<br>REPORTER'S TRANSCRIPT | Page Number |
|---|---|---|

**TO:**   The Clerk of the Court of Criminal Appeals      Fax: (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

**Criminal Appeals Case Number**      CR  01-1540

William Lee Kirby                              v.      State of Alabama
**Appellant's Name**                              **Appellee**

On appeal from the:   [ x ] Circuit Court of
                      [   ] District Court of          *LEE*          County
                      [   ] Juvenile Court of

**Trial Court Case Number**  CC 01-1001 – 1004

**Notice of Appeal Date**  4/18/02

I,   William T. Bennett                              , certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order.   The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses.  The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice.  The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the   30th   day of   July          ,   2002   .

_Willie T. Bennett_
**Court Reporter**

**FILING AND SERVICE OF THIS FORM:**   Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.



**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

BILL PRYOR
ATTORNEY GENERAL

October 1, 2002

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

Honorable Lane W. Mann
Clerk
Alabama Court of Criminal Appeals
Judicial Building
Montgomery AL  36104

RE:  <u>William Lee Kirby v. State of Alabama</u>
     Criminal Appeals Number:  01-1540
     Date Due After Extension:  October 8, 2002

Dear Mr. Mann:

     Pursuant to the provisions of Rule 32(d), <u>Alabama
Rules of Appellate Procedure</u>, the appellee respectfully
requests an extension of seven additional days be
allowed for the filing of its brief.

     I am, this date, mailing a copy of this request
for an extension of time to the opposing attorney.

                         Very truly yours,

                         BILL PRYOR
                         Attorney General
                         By—

                         Jean A. Therkelsen / le

                         JEAN A. THERKELSEN
                         ASSISTANT ATTORNEY GENERAL

JAT/le
cc: Larry G. Cooper

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

Criminal Appeals No. CR-01-1540

**William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).**

I N F O R M A T I O N A L    N O T I C E    T O    A P P E L L A N T

You are hereby notified that an appeal has been docketed in this cause. Future correspondence should refer to the case number appearing above.

Your attention is specifically directed to several important provisions of the appellate rules. Failure to strictly comply with these rules and the other applicable rules of appellate procedure will result in the dismissal of your case.

**DOCKETING STATEMENT:**

A properly completed Docketing Statement, Form Ala. R. App. P. 26, should have been filed with the clerk of the trial court along with the written notice of appeal. If notice of appeal was given orally, the docketing statement should have been filed within 7 days after oral notice was given.

**REPORTER'S TRANSCRIPT ORDER (See Rule 10(c)(2), ARAP):**

A Reporter's Transcript Order - Criminal, Form Ala. R. App. P. 1C, should have been completed and filed with the clerk of the trial court along with the written notice of appeal. Please note that Part 1 of the Reporter's Transcript Order must be completed if the appeal will not have a reporter's transcript. If notice of appeal was given orally, the reporter's transcript order should have been filed within 7 days after oral notice was given. On the same date the transcript order form is filed with the trial court clerk, the appellant is also required to mail copies of this completed form to each court reporter, to this office, to the district attorney, and to the attorney general.

The appellant will not be able to raise any issue on appeal relating to any proceeding in the case that has not been specifically designated in the reporter's transcript order. A general designation such as "all proceedings" is not sufficient. Unless the appellant has been granted indigency status by the trial court, he or she must certify on the transcript order form that satisfactory financial arrangements have been made with each reporter responsible for preparing their portion of the reporter's transcript. Failure to timely make satisfactory arrangements with each court reporter can result in the dismissal of this appeal.

If the appeal will have a transcript, the transcript order form may be amended or filed late by the appellant without leave of the Court of Criminal Appeals only if the copy of the form that is mailed to this office is accompanied by a certification stating that the appellant has consulted each court reporter affected and has been assured that their portion of the reporter's transcript can be filed within the time provided in the rules or within any extension in effect at the time the form is filed. If the appellant cannot make this certification, permission to amend or file the transcript order late may be granted by the Court of Criminal Appeals for good cause shown upon motion of the appellant only if the appellant certifies in the motion that the court reporters affected have been consulted and have assured the appellant that their portion of the reporter's transcript can be completed and filed within a specified number of days from the granting of the motion.

**SUPPLEMENTING OR CORRECTING THE RECORD (See Rule 10(g), ARAP):**

If the clerk's portion of the record on appeal is incomplete or if any portion of a proceeding specifically designated in the reporter's transcript order is omitted or incorrectly reflects what occurred in the trial court, the appellant will have 14 days after the date shown on the copy of the certificate of completion of the record on appeal to file a motion in accordance with Rule 10(g), Ala. R. App. P., to supplement or correct the record on appeal. This motion must be filed with the clerk of the trial court, and the appellant must mail a copy of the motion to this office and to all other parties. The appellant must state on each copy of the motion the date the original was filed with the clerk of the trial court.

**BRIEFS - FILING, NUMBER OF COPIES, ETC.:**

FILING - The appellant shall serve and file his or her brief within 28 days after the date shown on the copy of the certificate of completion of the record on appeal, served on the appellant by the clerk of the trial court. The appellant may serve and file a reply brief within 14 days after the filing of the brief of the appellee in the appellate court. (Rule 31(a), Ala. R. App. P.). An original and four copies of briefs are required to be filed.

ORAL ARGUMENTS REQUESTS - If the appellant desires oral argument, he shall place the words "ORAL ARGUMENT REQUESTED" conspicuously on the front cover of the brief. For this Court to grant oral argument the appellant's brief must contain "a statement setting forth reasons why, in the opinion of that party, oral argument should be heard." (Rule 34, Ala. R. App. P.)

If certified, registered, or express mail of the United States Postal Service is used, briefs and papers shall be deemed filed on the day of mailing. Otherwise, briefs and papers shall be deemed filed on the date of receipt. (Rule 25(a), Ala. R. App. P.)

BINDING OF BRIEFS - Any clasps, staples, or other fasteners used to bind the briefs must be covered by tape (nylon reinforced tape suggested) so as to prevent any injury to those handling the briefs (Rule 32(a)(2), Ala. R. App. P.).

EXTENSION OF TIME FOR FILING BRIEFS ON APPEAL - Provided the appellant or the appellee has not received any other extensions or enlargements of time for filing their briefs, one 7-day extension of time, as provided by Rule 31(d), Ala. R. App. P., may be obtained over the phone by calling the Clerk's office or by filing a written motion within the time originally prescribed for filing the brief. All requests for extensions of time in excess of seven days, and all subsequent requests for extensions by the appellant or the appellee, regardless of the length of time requested, must be made by written motion filed within the time originally prescribed for filing the brief or within the period of an extension or enlargement previously granted.

All requests for extensions of time to file reply briefs must be made by written motion filed within 14 days from the filing of the brief of the appellee. Extensions for reply briefs will not be granted by phone.

Any request for an extension in excess of seven days from the original due date must be in writing and "received" before the date the brief is due. Such requests will not be granted unless extraordinary good cause is shown. (A heavy workload will not be considered as good cause).

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/di

Effective October 1, 1991

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

September 10th, 2002

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-01-1540

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).

        You are hereby notified that the following action was taken in the above cause by the Court of Criminal Appeals:

        Appellant's Brief Filed.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/di

cc: Honorable Larry G. Cooper, Jr., Attorney, Appellant
    Office of Attorney General

COURT OF CRIMINAL APPEALS
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

**H. W. "Bucky" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

August 5th, 2002

**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-01-1540

William Lee Kirby v. State of Alabama (Appeal from Lee Circuit Court: CC01-1001; CC01-1002; CC01-1003).

You are hereby notified that the following action was taken in the above cause by the Court of Criminal Appeals:

The record on appeal has been certified complete. The due date of the brief of the appellant is September 3rd, 2002. Should the parties to this appeal seek any extensions of time for filing their briefs, the requests for extensions must be made in accordance with the Court's policy as set out in the informational notice to appellant that was mailed when this appeal was docketed. If you have any questions regarding this matter, you should contact the clerk's office.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/sh

cc: Honorable Larry G. Cooper, Jr., Attorney, Appellant
    Office of Attorney General

Legal Mail

Larry G. Cooper
Attorney at Law
P.O. Box 1868
Auburn, AL. 36831-1868

WILLIAM LEE KIRBY
182340-E-49
P.O. BOX 56
ELMORE, AL 36025
IıIııIIııIIııIıIıIıIıIıIı.II



UNITED STATES POSTAGE
PB342639B
5880501.590 MAY 01 06
0512 MAILED FROM ZIP CODE 36831

No. CR-01-1540

In the COURT of CRIMINAL APPEALS
Of ALABAMA

◆

WILLIAM LEE KIRBY,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

◆

On Appeal From the Circuit Court of
Lee County (CC-01-1001-1003)

BRIEF OF APPELLEE

William H. Pryor Jr.
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

Jean A. Therkelsen *
*Assistant Attorney General*

Attorneys for Appellee

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*
*Counsel of Record

October 4, 2002

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. Rule 32 of the Alabama Rules of Appellate Procedure allows for the request of oral argument in all cases. According to Rule 32, oral argument is not proper if, among other situations,

> (3) The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Oral argument is not appropriate in the instant case because the facts and legal arguments are clearly set forth in the State's brief and will not be aided by oral presentation. The State, therefore, does not request oral argument.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CASES AND AUTHORITIES.......................... iii

STATEMENT OF THE CASE.................................... 1

ISSUES PRESENTED FOR REVIEW............................. 2

STATEMENT OF THE FACTS.................................. 2

STANDARDS OF REVIEW..................................... 4

SUMMARY OF THE ARGUMENT................................. 5

ARGUMENT................................................ 6

    I.  Kirby Has Not Preserved His Claim That The
    Trial Court Erred In Consolidating His Cases For
    Trial, Because No Objection Was Made On These
    Grounds At The Trial Court Level. ................... 6

    II.  Kirby's Claim That The Trial Court Erred In
    Admitting The Out Of Court Statements Of The
    Victims Is Not Preserved For Appellate Review,
    Because No Objection Was Made To the Admission Of
    These Statements At The Trial Court Level. .......... 7

CONCLUSION............................................. 11

CERTIFICATE OF SERVICE................................. 12

# TABLE OF CASES AND AUTHORITIES

## Cases

*Carter v. State*, 627 So. 2d 1027 (Ala. Crim. App.1992).... 6

*City of Rainbow City v. Ramsey*, 417 So. 2d 172 (Ala. 1982) 9

*Crosslin v. State*, 504 So. 2d 1225 (Ala. Crim. App. 1988). 9

*Dixon v. State*, 476 So. 2d 1236 (Ala. Crim. App. 1985).... 8

*Ex parte Frith*, 526 So. 2d 880 (Ala. 1987)............... 9

*Landreth v. State*, 600 So. 2d 440 (Ala. Crim. App. 1992).. 9

*Leonard v. State*, 551 So. 2d 1143 (Ala. Crim. App. 1991).. 6

*Pate v. State*, 601 So. 2d 210 (Ala. Crim. App. 1992)...... 8

*Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 1986)... 9

## STATEMENT OF THE CASE

William Lee Kirby was convicted of repeatedly sodomizing child victims, A. M. and L. M.  Kirby was also convicted of raping A. M.  A. M. was in kindergarten at the time of the sodomy and rape.  Her sister, L. M. was in the second grade at the time of the abuse.

On October 5, 2001, the Lee County Grand Jury indicted Kirby in case numbers CC-01-1001, and CC-01-1002 on charges of sodomizing victims A. M. and L. M., females being less than twelve years of age, the said William Kirby being 16 years or older in violation of Ala. Code 13A-6-63 (1975). (C. 2, 5, 73) In case number CC-01-1003, the grand jury indicted Kirby on charges of the first-degree rape of A. M. in violation of Ala. Code 13A-6-61 (1975).  (C. 81) The cases were consolidated for trial on October 30, 2001.  (C. 2)

The case came to trial before Judge Robert Harper on December 3, 2001.  (C. 2; R. 1) On December 4, 2001, the jury returned verdicts finding Kirby guilty of sodomy and rape, as charged in the indictments.  (C. 15, 76, 79; R. 373) On April 22, 2002, the trial court sentenced Kirby to sixteen years on each conviction and ordered the sentences

to run concurrently.  (C. 4, 72, 80; R. 381)  Notice of appeal was filed on April 18, 2002 (C. 4), and this action follows.

## ISSUES PRESENTED FOR REVIEW

1. Did Kirby preserve his claim that the trial court erred in consolidating his cases for trial?

2. Did Kirby preserve his claim that the trial court erred in admitting the out-of-court statements of the victims?

## STATEMENT OF THE FACTS

On June 25, 2001, forensic interviewer Brenda Moss separately interviewed ten-year-old L. M. and her younger sister, eight-year-old A. M. in reference to a sexual abuse report filed against William Kirby, their mother's former boyfriend.  (R. 227) The sexual abuse occurred several years earlier when the girls, their mother, and Kirby lived in Opelika, Alabama. A. M. was in kindergarten and L. M. was in the second grade when the incidents occurred.  (R. 236, 241) Later, the girls and their mother moved to Virginia, where L. M. reported the incidents of abuse to a school counselor.

2

A. M. was nine years old at the time of trial. Kirby, who was her mother's live-in boyfriend, kept her and her sister while their mother was at work. (R. 100-102, 149, 182) Kirby used to handcuff A. M. and dunk her in a tub of water until she passed out. (R. 81-82) A. M. testified that, on numerous occasions, Kirby would undress them both. He would then put his penis in her "butt," in her mouth, and in her "pie", which is what A. M. called her vagina. (R. 84-85) A. M. testified that it hurt when Kirby did these things to her. (R. 86) She did not tell her mother about the sexual abuse because Kirby told her to keep it a secret. (R. 86, 104) When Kirby had vaginal intercourse with her, she started bleeding. She told her mother that she hurt herself by falling on the balance beam at school. (R. 87) Later, her sister L. M. told a counselor at school that Kirby was sexually abusing them. (R. 104)

L. M., A. M.'s older sister, was ten years old at the time the case came to trial. (R. 115) When she was in the second grade, L. M. lived in Opelika with her mother, her two sisters, and William Kirby, her mother's boyfriend. (R. 116) Kirby had anal intercourse with L. M. on many occasions and vaginal intercourse with her on at least one

occasion.  (R. 120) L. M. testified that it hurt when Kirby had sex with her.  (R. 120) Kirby also put his penis in her mouth and ejaculated.  (R. 121) After her mother broke up with Kirby, the girls and their mother moved to Virginia. (R. 148)

In Virginia, L. M. told a counselor at school about the abuse and the case was referred to the Department of Human Resources.  On June 25, 2001, A. M.'s pediatrician, Linda Anz, examined A. M. following a referral from the Department of Human Resources.  (R. 195-196, 221) A. M. told Dr. Anz that Kirby had sexually abused her.  (R. 196) A genital examination was performed on the child.  (R. 198) The examination revealed damage to A. M.'s hymen that was consistent with vaginal penetration.  (R. 198) Dr. Anz testified that the injury was not the result of a fall on the balance beam.  (R. 199)

## STANDARDS OF REVIEW

1. "A trial court's decision to consolidate is entitled to deference on appeal and will not be overturned absent a showing of an abuse of discretion." *Curry v. State*, 601 So. 2d 157, 160 (Ala. Crim. App. 1992); *Gladden v. State*, 551 So. 2d 1141 ((Ala. Crim. App. 1989).

4

2.    The standard of review regarding the admissibility of evidence is abuse of discretion.  "Determinations of admissibility of evidence rest largely within the discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of discretion." *Thomas v. State*, CR-96-0876, 1999 WL 1267801, at *58 (Ala. Crim. App. Dec. 30, 1999); *Finley v. State*, 606 So. 2d 198, 202 (Ala. Crim. App. 1992).

## SUMMARY OF THE ARGUMENT

1.    In issue one, Kirby argues the trial court erred in consolidating his cases for trial. The cases were consolidated for trial by the trial court on October 30, 2001. (C. 2) Defense counsel made no objection to the consolidation, either in a written motion or before the trial court prior to trial.  (R. 7) This issue is not preserved for appellate review.

2. In issue two, Kirby argues that the trial court erred in admitting the out-of-court statements made by the child victims because the trial court did not make a finding that such statements were trustworthy. The statements at issue were offered into evidence without

5

objection by defense counsel.  (R. 35, 61) Therefore, this issue is not preserved for appellate review.

## ARGUMENT

**I.  Kirby Has Not Preserved His Claim That The Trial Court Erred In Consolidating His Cases For Trial, Because No Objection Was Made On These Grounds At The Trial Court Level.**

In issue one of his brief on appeal, Kirby argues the trial court erred in consolidating his cases for trial.  On October 24, 2001, the State filed a motion to consolidate cases CC-01-1001, CC-01-1002, and CC-01-1003 for trial. (C. 21-22) The cases were consolidated for trial by the trial court on October 30, 2001.  (C. 2) Defense counsel made no objection to the consolidation, either in a written motion or before the trial court before trial.  (R. 7) Review by this Court is limited to matters properly raised before the trial court.  *Carter v. State*, 627 So. 2d 1027, 1028 (Ala. Crim. App. 1992).  The record indicates no objection was made to the consolidation of the cases at trial. This issue was not preserved for appellate review; the record contains no objection to the consolidation of the charges to be tried together, no motion to sever the charges, and no motion for new trial on these grounds. Because it is being raised for the first time on appeal,

6

there is no adverse ruling for this Court to review.
*Leonard v. State*, 551 So. 2d 1143, 1146 (Ala. Crim. App.
1991).

Accordingly, the trial court is due to be affirmed.

**II.  Kirby's Claim That The Trial Court Erred In Admitting The Out Of Court Statements Of The Victims Is Not Preserved For Appellate Review, Because No Objection Was Made To the Admission Of These Statements At The Trial Court Level.**

In issue two of his brief on appeal, Kirby argues that the trial court erred in admitting the out-of-court statements made by the child victims.  Specifically, Kirby argues that the trial record does not indicate that the court analyzed all of the relevant criteria in determining the trustworthiness of the statements at issue.

Although Kirby argues on appeal that trial counsel timely objected to the admission of these statements at trial, thus preserving this issue for review, the record does not support Kirby's claims.  Appellate counsel refers the Court to page thirty-five of the record in support of his contention that defense counsel objected to the admission of these statements at trial.  (Kirby's brief on appeal, page nine, citing the court to record page thirty-five.) On page thirty-five of the record, the State offered

Brenda Moss as an expert in conducting forensic interviews of child victims:

> Q. (Prosecutor) Okay. We would offer as an expert for the purposes of her child interviews, interviewing child victims.
>
> THE COURT: All right.
>
> MR. FUNDERBURK: For the record, we would object.
>
> THE COURT: Objection overruled.

(R. 35)

Defense counsel's objection to Moss as an expert in the area of forensic interviews did not preserve for appeal the issue regarding the trustworthiness of the victim's out-of-court statements. It is axiomatic that review is limited on appeal to matters properly and timely raised in the court below. *Dixon v. State*, 476 So. 2d 1236, 1239 (Ala. Crim. App. 1985). "An issue which is raised for the first time on appeal is not subject to appellate review, because it has not been properly preserved and presented." *Pate v. State*, 601 So. 2d 210, 213 (Ala. Crim. App. 1992). "A criminal defendant is limited on appeal to the specific ground raised in support of an objection or motion at trial and new grounds cannot be raised on appeal." *Id.*, citing *Washington v. State*, 555 So. 2d 347 (Ala. Crim. App. 1989).

"It is for the trial court . . . to consider and correct, in the first instance, any error which may have been committed or any deficiency in the proceedings." *Willis v. State*, 500 So. 2d 1324, 1324 (Ala. Crim. App. 1986).[1] Even constitutional issues may be waived on appeal. *Crosslin v. State*, 504 So. 2d 1225, 1226 (Ala. Crim. App. 1988). "The trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it." *City of Rainbow City v. Ramsey*, 417 So. 2d 172, 174 (Ala. 1982). "Review on appeal is limited to matters as to which the trial court makes adverse rulings." *Landreth v. State*, 600 So. 2d 440, 445 (Ala. Crim. App. 1992). The trial court will not be put in error on grounds not assigned at trial. *Ex parte Frith*, 526 So. 2d 880, 882 (Ala. 1987).

The statements at issue were offered into evidence without objection by defense counsel. (R. 61) Therefore, this issue is raised for the first time on appeal. "In order for this Court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection

---

[1] *Willis v. State*, 500 So. 2d 1324 (Ala. Crim. App. 19 86), concerned claims on

must be made by the trial court." *Goodson v. State*, 540 So.2d 789, 791 (Ala. Crim. App. 1988); *Ingram v. State*, 729 So. 2d 883, 894 (Ala. Crim. App. 1996).

No objection was made at trial on the grounds now argued on appeal.  Accordingly, this issue is not preserved for appellate review and the trial court is due to be affirmed.

---

appeal from a guilty plea.

## CONCLUSION

For the above-stated reasons, this Court should affirm Kirby's conviction and sentence.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*
By:

Jean A. Therkelsen
*Senior Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2002, a copy of the foregoing was served on the attorney for the appellant by placing the same in the United States mail, first class postage prepaid, addressed as follows:

Honorable Larry G. Cooper
P. O. Box 1868
Auburn, Alabama 36831-1868

Jean A. Therkelsen
Assistant Attorney General

Address of Counsel:
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7300
77503/40518-001

12