IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEE KIRBY, AIS #182340, | ) ) ) | |
| Petitioner, | ) ) ) | CIVIL ACTION NO. |
| vs. | ) ) ) | 3:06-CV-456-WKW (WO) |
| LEON FORNISS, *et al*, | ) ) | |
| Respondent. | ) | |

## SECOND SUPPLEMENTAL ANSWER

Comes now the Respondent, by and through the State of Alabama and, pursuant to this Court's order issued on July 13, 2006, makes the following second supplemental answer to the allegations contained in Kirby's federal petition:

1. In his petition filed in this Court on May 17, 2006, Kirby, who is presently incarcerated in Staton Correctional Facility, attacks his April 11, 2002 conviction in Lee County of two counts of first-degree sodomy and one count of first-degree rape on grounds of ineffective assistance of counsel. Kirby further claims that his failure to file this petition within the prescribed time was not his fault. (Kirby's petition, page 14)

2. Respondent filed an answer to Kirby's petition on July 5, 2006. Therein, Respondent argued that Kirby's petition was barred by the federal statute of

limitation. Specifically, certificate of judgment in Kirby's direct appeal was issued on December 3, 2002. For the purpose of the habeas corpus statute of limitation, Kirby's conviction became final when the time expired for him to seek review in the United States Supreme Court. See: Coates v. Byrd, 211 F. 3d 1225, 1226-1227 (11th Cir. 2000). Pursuant to Coates v. Byrd, the statute of limitation began to run in Kirby's case on March 3, 2003, ninety days after the issuance of the certificate of judgment on direct appeal. Kirby has never filed a Rule 32 petition in state court. The one-year statute of limitation expired on March 3, 2004. He filed the instant petition more than two years later, on May 17, 2006, some two years *after* the one-year statute of limitation expired.

3. On July 13, 2006, this Court ordered the Respondent to file a second supplemental answer addressing Kirby's assertion that he is entitled to equitable tolling of the limitation period until the filing of this petition because his appellate counsel was ineffective in failing to advise him of the denial of his direct appeal and finality of judgment, thereby causing the untimely filing of his federal petition. On July 27, 2006, Larry G. Cooper, Kirby's appellate counsel, filed an affidavit in this Court. In his affidavit, Cooper states that he was appointed to represent Kirby on April 23, 2002, that he met with Kirby in jail several times, and that by his efforts Kirby was released on bond during the pendency of his appeal.

2

5. Cooper further asserts that he read the trial transcript, met with Kirby's step-father and talked to him several times on the telephone, spoke with witnesses, and discussed Kirby's case at length. Cooper states that he researched the issues and filed a timely brief on appeal. He provided Kirby with a copy of that brief. On September 10, 2002, Cooper wrote Kirby at his home address, sending him a copy of the appeal brief, explaining what would happen procedurally, and requesting Kirby's input on the reply brief. Kirby did not respond to Cooper's request. On November 15, 2002, Cooper received a copy of the Alabama Court of Criminal Appeals's memorandum opinion affirming Kirby's conviction. That same day, Cooper sent a copy of the opinion to Kirby, advising him that he had fourteen days to file a rehearing brief; otherwise he would have to turn himself in and begin serving his term in prison.

6. Kirby did not contact Cooper, by telephone, fax, or letter. Cooper received a message that Cooper might not have received the papers he sent him on November 15, 2002. Cooper was able to confirm Kirby's address and, on December 13, 2002, sent him a second letter out-lining his options and rights on appeal. Cooper had no contact with Kirby or his family until April, 2003, at which time he received a request for a copy of the transcript. Kirby's father came to Cooper's office and got a copy of the transcript. On December 19, 2005, Cooper received a request from Kirby for copies of the brief on appeal and the Alabama

Court of Criminal Appeals's decision. These documents had previously been submitted to Kirby. After a request from the Alabama Court of Criminal Appeals that they be re-submitted to Kirby, Cooper sent Kirby a letter, a copy of the appellate briefs, and the memorandum opinion from the Alabama Court of Criminal Appeals.

7. On May 1, 2006, Kirby's father, Joe Kirby, called to say that Kirby had not received the papers he had requested. Cooper confirmed Kirby's correct address and re-submitted the documents to Kirby. Cooper states in his affidavit that at no time has Williams Kirby asked or communicated to him that he wanted to pursue any post-conviction relief, other than what already been filed. Kirby now asserts in federal court that the untimely filing of his federal habeas petition should be excused because he received ineffective assistance of appellate counsel.

8. The claim of ineffective assistance of appellate counsel that Kirby raises as "cause" in his amended petition is procedurally defaulted, because it has never been presented to the state courts. Kirby could have raised this claim in a Rule 32 petition, but did not do so. This claim is raised for the first time in federal court and is procedurally barred, because it has never been presented to the state courts. Teague v. Lane, 489 U.S. 288 (1989); Engle v. Isaac, 456 U.S. 107, 113-114, 117, 124-135 (1982). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort

4

to raise the claim properly in the state court." Wright v. Hopper, 169 F. 3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Id.; Crawford v. Head, 311 F. 3d 1288, 1327-1328 (11th Cir. 2002).

9. In Edwards v. Carpenter, 529 U.S. 446, 451-452 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his §2254 petition when he had never raised this ineffective assistance claim in state court. The United States Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. Edwards, at 451-53. A similar situation involving the attempted use of an unexhausted claim as cause to excuse a procedural default was addressed by the Court in the earlier case of Murray v. Carrier, 477 U.S. 478 (1986). In Murray v. Carrier, the Court held that a prisoner must be required to present his claim of ineffective assistance of counsel to the state courts as an independent claim before he may use it to establish cause to excuse the procedural default of another claim. Id, at 488-489. But, in Edwards, the United States Supreme Court made it clear that the failure to properly exhaust the ineffective assistance of counsel claim actually resulted in a procedural default of the claim being asserted as cause,

5

completely barring that claim from being used to excuse the procedural default of the underlying claim.

10. With its decisions in <u>Edwards v. Carpenter</u>, and <u>Murray v. Carrier</u>, the Supreme Court has made clear that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim *only* if the habeas petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself. As in <u>Edwards</u>, Kirby is barred from asserting his ineffective assistance of appellate counsel claim to establish cause and prejudice, because such claim was never raised in state court and is procedurally defaulted. Such claim, then, can not be used to establish cause and prejudice because it is unexhausted and procedurally defaulted.

Accordingly, based on the arguments contained herein and in Respondent's previous answers, Kirby's petition for writ of federal habeas corpus is due to be denied as barred by the statute of limitation.

## CONCLUSION

Based upon the foregoing, Kirby's petition for writ of habeas corpus is due to be denied because the petition is barred by the federal statute of limitation.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/Jean A. Therkelsen
Jean A. Therkelsen
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>10th</u> day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  <u>William Lee Kirby, AIS #182340, Staton Correctional Facility, P. O. Box 56, Elmore, Alabama  36025</u>.

          Respectfully submitted,

          s/Jean A. Therkelsen
          Jean A. Therkelsen
          Office of the Attorney General
          Alabama State House
          11 South Union
          Montgomery, AL  36130-0152
          Telephone:  (334) 242-7300
          Fax: (334) 242-2848
          E-Mail:  JTherkelsen@ago.state.al.us

166314/95828-001