IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM LEE KIRBY, #182 340 | * | |
| Petitioner, | * | |
| v. | * | 3:06-CV-456-WKW |
| | | (WO) |
| LEON FORNISS, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner William Kirby on May 17, 2006. In this petition, Petitioner challenges his convictions on two counts of first degree sodomy and one count of first-degree rape entered against him by the Circuit Court for Lee County, Alabama, on December 4, 2001. On April 14, 2002 the trial court sentenced Petitioner to sixteen years imprisonment on each conviction and ordered the sentences to run concurrently. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on November 15, 2002 and issued a certificate of judgment on December 3, 2002. By operation of law, Petitioner's convictions became final on December 17, 2002.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Because Petitioner's convictions became final in 2002- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents note that by Petitioner's own admission, he has never filed a Rule 32 petition with the trial court.

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it is filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of two counts of first-degree sodomy and one count of first degree rape in the Circuit Court for Lee County, Alabama, on December 4, 2001. On April 14, 2002 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on November 15, 2002 and issued a certificate of judgment on December 3, 2002. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court. The time for seeking review of Petitioner's convictions, therefore, lapsed upon

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[2]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  By operation of law, Petitioner's convictions became final on December 17, 2002 – fourteen days after the Alabama Court of Criminal Appeals issued a certificate of judgment as this is the date on which Petitioner's time to file a petition for writ of certiorari with the Alabama Supreme Court expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Petitioner failed to file a state post-conviction petition challenging his

---

[2]Respondents contend that for purposes of the habeas corpus statute of limitations, a conviction becomes final when the time expires for a defendant to seek review in the United States Supreme Court.  Thus, Respondents maintain that the statute of limitations began to run in Petitioner's case on March 3, 2003, ninety days after the Alabama Court of Criminal Appeals issued a certificate of judgment. Respondents' calculation of the one-year limitation period is flawed inasmuch as a petition for writ of certiorari to the United States Supreme Court  may only be filed to review a judgment or order by a state court of last resort.  *See Coates v. Byrd*, 211 F.3d 1225.  Because Petitioner did not file a petition for writ of certiorari with the Alabama Supreme Court, his convictions became final upon expiration of the time within which he could file a certiorari petition with that court, *i.e.*, 14 days after the Alabama Court of Criminal Appeals issued its certificate of judgment.

convictions. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on December 17, 2003. Petitioner filed the present habeas corpus application on May 17, 2006, more than two years after the limitation period for filing a federal habeas petition expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before November 16, 2006 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 27th day of October 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE