IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

WILLIAM LEE KIRBY,
        Plaintiff,

vs.

LEON FORNISS, et. al.,
        Defendants.

CIVIL ACTION NUMBER:

3:06 CV-00456-WKW-TFM

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Comes now the Plaintiff William Lee Kirby, Pro-Se, herein on the above entitled cause and responds to this Court's show cause order as follows:

The instant Petition is not timely as a direct result of appellate counsel's ineffective assistance where he failed to inform the Plaintiff that he had not filed for a Writ of Certiorari in the Alabama Supreme Court; and Consequently Plaintiff, believing that he was awaiting a reply on a pending appeal failed to move to file a Rule 32. Post-Conviction Relief Petition until after the period of limitation had run; and under Alabama Law. "the limitations period for filing a Post-Conviction Relief  mandatory, and Jurisdictional, failure to file a Post-Conviction Petition within the limitations period deprives a Court of the Jurisdiction to review Petition". Citing *Ex parte Phillips*, 887 So.2d 324 (Ala. 2004). Therefore, as the time to file a Post-Conviction Petition had run and the time within which to file a Section 2254 Petition had also run, and also due to the fact that Alabama Law does not recognize any cause / prejudice excuse to default due to timeliness, the Plaintiff was left to attempt to show cause / prejudice to this Court in order to open an avenue to pursue what are meritorious issues of Constitutional magnitude.

It is well settled that Federal Habeas Courts may not consider claims that have been defaulted in State Court pursuant to an adequate and independent State Court Rule, unless the Petitioner can show 'cause' for the default and resulting 'prejudice'. See **_Murray v Carrier_**, 477 U.S. 478, 485, 91 L.Ed.2d 397, 106 S.Ct.2639 (1986); and **_Roberts v Sutton_**, 217 F.3d 1337, 1341 (11th. CIR 2000).

This Court has also previously determined that "Failure of … Counsel to obtain review by…certiorari, or to make a timely Petition for Certiorari was sufficient State action to authorize Federal Habeas Corpus Relief, with respect to a State prisoner. The mere failure to act is sufficient to [to show]". **_Pressley v Wainwright_**, 540 F.2d 818 (5th. CIR 1976). This edict has of course now become even more compulsory in light of the United States Supreme Court's ruling in **_O'Sullivan, Supra_**, wherein it was held that for a Petitioner to ensure exhaustion of their State Court remedies they must present "their claims in a manner of clarity throughout one complete round of the State established appellate review process", and this was to include any State Court Petition for Certiorari "even if the review of that Court is discretionary". See Id. At 848-49.

As such, the conundrum of this Petitioner is apparent; as due to the State's appointed attorney's failures, this Plaintiff is now deprived of State or Federal Habeas review. This type of Circumstance might well have been best observed in the concurring opinion of Justices Breyer, and Stevens in **_Edwards V. Carpenter_**, 529 U.S. 446, 146 L.Ed.2d 518, 120 S.Ct 1587; wherein they wrote: "I concede that this system of [habeas] rules has a certain logic, indeed an attractive power for those who like difficult puzzles. But I believe it must succumb to this question: Why should a prisoner, who may well be proceeding Pro-Se, lose his basic claim because he runs afoul of State procedural rules governing the presentation to State Court's of the 'cause' for his not having followed State procedural rules for the presentation of his basic Federal claim? And in

particular, why should that special default rule apply when the 'cause' at issue is an 'ineffective assistance of counsel' claim..."?

Id. at 458. Furthermore, the United States Court of Appeals for the Eleventh Circuit, and other Federal Circuits have recognized that "[Section 2241] permits equitable tolling" when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence". See **Steed v Head**, 219 F.3d 1298, 1300 (11th. CIR 2000) (quoting **Sandvik v United States**, 177 F.3d 1269, 1271 (11th. CIR 1999) (per curiam) ; see also **Wyzykowski v Department of Corrections**, 226 F.3d 1213, 1216 (11th. CIR 2000).

The Plaintiff avers that his untimely filing due to ineffective assistance of appellate counsel falls within the realm of "extraordinary circumstances that are both beyond his control and unavoidable with diligence", and furthermore that the failure to file timely in the instant case is attributable to the State, as Plaintiff being indigent was bound to the attorney to whom he was appointed, and not now allowing for him to present his meritorious claims to the Court would result in a manifest injustice and resulting in the continued incarceration of one of whom our founding fathers desperately attempted to protect in the great Writ of Habeas, one who is actually and factually innocent.

Done this the 24th day of January, 2007.

Respectfully Submitted,

*William Lee Kirby*
William Lee Kirby, Pro-Se
A.I.S. #182340, Bearcat-3
S.L.C.C.
3843 Stagg Avenue
Basile, Louisiana. 70515.

## CERTIFICATE OF SERVICE

I William Lee Kirby, do hereby certify that I have this the ~~2nd~~ day of January, 2007, served a copy of the foregoing on the following by turning the same over to prison officials for deposit in the U.S. mail, first class postage prepaid and properly addressed as follows:

Jean A. Therkelson
Office of the Attorney General
11 South Union Street
Montgomery, Alabama. 36130.

Respectfully,

*William Lee Kirby*

William Lee Kirby, Pro-Se
A.I.S. #182340, Bearcat-3
S.L.C.C.
3843 Stagg Avenue
Basile, Louisiana. 70515

William Lee Kirby, A-162340
Bear Cat-3, Bed-31
South Louisiana Correctional Facility
3843 Stagg Ave
Basile, LA
70515

LAFAYETTE LA 705
25 JAN 2007

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711