IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM LEE KIRBY, #182 340 | * | |
| Petitioner, | * | |
| v. | * | 3:06-CV-456-WKW |
| | | (WO) |
| LEON FORNISS, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner William Kirby on May 17, 2006. In this petition, Petitioner challenges his convictions on two counts of first degree sodomy and one count of first-degree rape entered against him by the Circuit Court for Lee County, Alabama, on December 4, 2001. On April 14, 2002 the trial court sentenced Petitioner to sixteen years imprisonment on each conviction and ordered the sentences to run concurrently. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on November 15, 2002 and issued a certificate of judgment on December 3, 2002. By operation of law, Petitioner's convictions became final on December 17, 2002.

Pursuant to the orders of this court, Respondents filed an answer and supplemental answers in which they argue that the instant habeas petition is barred by the one-year

limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's convictions became final in 2002- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents note that by Petitioner's own admission, he has never filed a Rule 32 petition with the trial court. (*See Doc. Nos. 9, 11, 16*.)

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 17*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner took the opportunity granted to file a response. (*See Doc. No. 19; see also Doc. No. 13*.) In his responses, Petitioner argues that he is actually innocent and that his federal habeas petition is not timely as a direct result of appellate counsel's ineffectiveness for failing to inform him that he had not filed a petition for writ of certiorari with the Alabama Supreme Court. (*Id*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the " AEDPA"). This Act became effective on April 24, 1996.

## I. DISCUSSION

*A. Fundamental Miscarriage of Justice - Actual Innocence*

This court must determine whether Petitioner has demonstrated his actual innocence before addressing Respondents' assertion that the instant petition is barred by the statute of limitations. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

3

evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id*. 513 U.S. at 324.

Petitioner presents only a self-serving and conclusory allegation that he is actually innocent arguing that a manifest injustice will result if the court fails to address the merits of the claims of one who is actually and factually innocent. (*Doc. No. 19 at 3*.) Petitioner has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually and factually innocent of the crimes of his convictions is not supported by the record or any credible evidence. Because Petitioner has failed to demonstrate his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

B. *Statute of Limitations*

   1. *Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] 28 U.S.C. §

---

This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.

Petitioner was convicted of two counts of first-degree sodomy and one count of first degree rape in the Circuit Court for Lee County, Alabama, on December 4, 2001. On April 14, 2002 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on November 15, 2002 and issued a certificate of judgment on December 3, 2002. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court. The time for seeking review of Petitioner's

---

(B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[3]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  By operation of law, Petitioner's convictions became final on December 17, 2002 – fourteen days after the Alabama Court of Criminal Appeals issued a certificate of judgment as this is the date on which Petitioner's time to file a petition for writ of certiorari with the Alabama Supreme Court expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

[3] Respondents contend that for purposes of the habeas corpus statute of limitations, a conviction becomes final when the time expires for a defendant to seek review in the United States Supreme Court. Thus, Respondents maintain that the statute of limitations began to run in Petitioner's case on March 3, 2003, ninety days after the Alabama Court of Criminal Appeals issued a certificate of judgment.  The court notes, however, that a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order by a state court of last resort.  *See Coates v. Byrd*, 211 F.3d 1225.  Because Petitioner did not file a petition for writ of certiorari with the Alabama Supreme Court, his convictions became final upon expiration of the time within which he could file a certiorari petition with that court, *i.e.*, 14 days after the Alabama Court of Criminal Appeals issued its certificate of judgment.

under this section[,]" Petitioner failed to file a state post-conviction petition challenging his convictions. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on December 17, 2003. Petitioner filed the present habeas corpus application on May 17, 2006, more than two years after the limitation period for filing a federal habeas petition expired.

*2. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Petitioner concedes that his petition is time-barred. He claims, however, that the filing of this petition beyond the limitation period should be excused. In support of his grounds for equitable tolling, Petitioner argues that appellate counsel failed to advise him that he had not

7

filed a petition for writ of certiorari to the Alabama Supreme Court following the Alabama Court of Criminal Appeals affirmance of his convictions. He maintains that he relied "exclusively" upon his attorney's representation that his appeals were being vigorously pursued. When he became "anxious," Petitioner sought legal advice in the prison law library where he was informed some appeals take years to reach resolution. Believing that appellate counsel was "taking care of him," Petitioner asserts that the time limit for filing a Rule 32 petition expired as did the limitation period for filing a § 2254 petition.[4] (*See Doc. Nos. 13, 19*.)

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. *Sandvik* 177 F.3d at 1271; *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. *Drew,* 297 F.3d at 1286. In this case, Petitioner provides no explanation as to why he failed to timely file his petition for habeas relief. Put another way, he has not alleged the existence of extraordinary circumstances beyond his control that

---

The State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction. *See Johnson v. State*, 584 So.2d 881, 883 (Ala. Crim. App. 1991). This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court. *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992).

8

prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. "[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3rd Cir. 2001). "Mere attorney negligence does not justify equitable tolling . . . . An attorney's miscalculation of the limitations period or mistake is [likewise] not a basis for equitable tolling." *Steed,* 219 F.3d at 1300. *See also Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005)( "Making the most of a novel argument, Lawrence posits that the State's provision to him of an incompetent attorney justifies the imposition of equitable tolling. This is not an extraordinary circumstance that warrants the application of equitable tolling. Moreover, we have stated on numerous occasions that 'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.' " ) (citations omitted); *Beery v. Ault,* 312 F.3d 948, 951 (8th Cir. 2003) ( "Ineffective assistance of counsel generally does not warrant equitable tolling");  *Brown v. Shannon,* 322 F.3d 772, 775 (3rd Cir. 2003) (claims of ineffective assistance of counsel cannot "be said to be an 'extraordinary' circumstance warranting equitable tolling." ); *Harris v. Hutchinson,* 209 F.3d 325, 330-331 (4th Cir. 2000) (petitioner who relied on mistaken advice of counsel in calculating federal filing deadline not entitled to equitable tolling); *Taliani v. Chrans,* 189

F.3d 597, 598 (7th Cir. 1999) (attorney's inadequate research, which led to miscalculation of federal deadline, did not warrant equitable tolling ).

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence

necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by William Kirby be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 22, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of September 2008.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

12